Davis D. SHAGLOAK, Appellant,

v.

STATE of Alaska, Appellee.

No. 3646.

Supreme Court of Alaska.

June 22, 1979.

See also, Alaska, 582 P.2d 1034.

Dana Fabe, Sue Ellen Tatter, John Murtagh and James D. Oswald, Asst. Public Defenders, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Leonard M. Linton, Jr., and Charles W. Cohen, Asst. Dist., Attys., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and DIMOND, Senior Justice.

OPINION

DIMOND, Senior Justice.

In August, 1974, Davis Shagloak entered a guilty plea to a charge of burglary he had committed in April of that year. He was sentenced to imprisonment for a period of two years.[1] Sometime later, he was sent to a rehabilitative institution called Future House. He escaped from there in October, 1974, was apprehended on December 3 of that year, and was incarcerated to complete his two-year sentence.

On December 13, 1974, Shagloak was indicted for the offense of escape, and also for the two burglaries he allegedly committed on December 3, 1974—the day he was apprehended following his escape from Future House. Shagloak entered not-guilty pleas to those charges. On January 16,

1. The defendant already had two prior convictions for burglary, in April, 1971, and March, 1972.

1976, he was permitted to withdraw his not-guilty pleas and enter pleas of guilty to one charge of burglary and one of escape.[2] On March 4, 1976, Shagloak was sentenced to 20 months' imprisonment for escape, and given credit for time served for the burglary. However, he was placed on probation by the spring of 1976, after being credited for the time he served prior to sentencing and after completing an alcohol treatment program.

Shagloak committed another burglary on July 5, 1976,[3] and on the following day was charged as a habitual criminal under AS 12.55.050(3).[4] He then filed a motion to withdraw his guilty plea to two prior burglary convictions and the December, 1974, burglary and escape charges.[5] The motion was granted on February 7, 1977. The habitual criminal indictment was then dismissed. On July 20, 1977, Shagloak was found guilty by a jury for the charges of burglary, escape and unauthorized entry.[6] He was sentenced to five years' imprisonment for burglary, one year for unauthorized entry, and eighteen months for escape. The three sentences were to run concur-

rently.[7] He was given credit for the time served (less than two years) on the 1976 burglary.

When Shagloak was sentenced, on these same charges in March, 1976, based on his guilty pleas, he had been given credit for nearly two years that he had served prior to sentencing. The effect of the five-year sentence imposed in July, 1977, was to increase his sentence on these charges by more than three years.[8] Shagloak contends on this appeal that such an increase of sentence violates the due process and double jeopardy clauses of the Alaska Constitution.[9]

The issue raised here by Shagloak has drawn the attention of a considerable number of courts, but in a somewhat different context. A defendant is tried, convicted and sentenced for a crime. On appeal, the defendant succeeds in obtaining a new trial. Upon a conviction at the second trial, a more severe sentence is imposed. Prior to 1969, a majority of courts which faced this issue held that there was no constitutional

2. One of the burglary counts was later dismissed by the state. The lengthy period between the indictment on December 13, 1974, and Shagloak's withdrawal of his not-guilty plea and his entry of a plea of guilty on January 16, 1976, was due to plea-bargaining negotiations. Since this case predated the August 15, 1975, attorney general's ban on plea-bargaining, the state agreed to dismiss one burglary count upon Shagloak's guilty plea to the other two counts.

3. He entered a plea of guilty and received a fifteen-year sentence on this charge.

4. AS 12.55.050(3) provides in relevant part:

A person convicted of a felony in this state who has been previously convicted of a felony in this state or elsewhere, if the same crime elsewhere would constitute a felony under Alaska law, is punishable as follows:

. . . . . .

(3) If the person has previously been convicted of three or more felonies, then on the fourth conviction he shall be adjudged an habitual criminal, and is punishable by imprisonment for not less than 20 years nor more than the remainder of his natural life.

5. The two prior burglaries occurred in March, 1972, and August, 1974.

6. Shagloak had been originally indicted on two counts of burglary and one of escape in December, 1974. Pursuant to a plea agreement, one of the burglary charges was dropped. However, when the defendant withdrew his plea, the plea agreement was no longer in effect and therefore the defendant was tried on the original indictment. See *United States v. Johnson*, 537 F.2d 1170, 1175 (4th Cir. 1976). The second burglary count was reduced to unauthorized entry in violation of AS 11.20.135, by information filed July 18, 1977.

7. The three sentences were to run consecutively to the fifteen-year sentence imposed on December, 1976, for his July, 1976, burglary conviction.

8. In imposing the five-year sentence, Judge Carlson gave Shagloak credit for the time served on the prior burglary and escape convictions.

9. Article I, section 7, of the Alaska Constitution provides in part: "No person shall be deprived of life, liberty, or property without due process of law."

Article I, section 9, of the Alaska Constitution provides in part: "No person shall be put in jeopardy twice for the same offense."

or other bar to imposing a more severe sentence after the second trial.[10] A principal theory underlying these decisions is that the defendant, in obtaining a new trial, must accept the hazards as well as the benefits resulting from the new trial, and thus assumes the risk of a more severe sentence if he is convicted a second time.

In 1969, however, the United States Supreme Court placed limitations on the unfettered discretion of trial judges to increase sentences after retrial. *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), held that the double jeopardy clause did not bar an increased sentence, since "the original conviction has, at the defendant's behest, been wholly nullified and the [state's] slate wiped clean.[11] But, the court did recognize that there would be a denial of the fourteenth amendment guarantee of due process of law if a defendant received a harsher sentence after an appeal and a conviction at a second trial by reason of vindictiveness on the part of the sentencing judge for having successfully attacked the first conviction. The court said:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exer-

cise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

> In order to assure the absence of such a motivation, we have concluded that wherever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.[12]

The *Pearce* rule does not help Shagloak, though, since Judge Carlson obeyed its dictates in increasing Shagloak's sentence.[13] Shagloak, however, does not claim any violation of his federal constitutional rights. Rather, he asks us to determine whether his increased sentence violates his rights under the Alaska Constitution.

■ We do not believe that the requirements of due process of law under article 1, section 7, of the Alaska Constitution will be satisfied in the manner stated by the Supreme Court.[14] We find problems in apply-

---

**10.** *See generally* Annot., 12 A.L.R.3d 978 (1967).

**11.** In support of this proposition, the court cited several older cases, notably *Stroud v. United States,* 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919), where it was held that a sentence of death after retrial was proper, even though the original sentence had been life in prison.

**12.** *North Carolina v. Pearce,* 395 U.S. at 725–26, 89 S.Ct. at 2080–2081, 23 L.Ed. at 669–70 (1969) (footnote omitted). Justices Douglas, Marshall and Harlan dissented on the ground that imposition of greater punishment violated the double jeopardy clause of the fifth amendment to the federal constitution.

**13.** Judge Carlson gave as his reasons for the increased sentence the fact that Shagloak had again been convicted of burglary in July, 1976. Judge Carlson stated:

> You have not yet learned to control yourself with regard to criminal conduct regarding burglaries. Therefore, I have the benefit of more information than Judge Kalamarides had when he sentenced you. I feel that it's necessary to protect the people of the State of Alaska that you receive a sentence of 5 years for—on the burglary on count I, . . . .

**14.** A state supreme court is not limited by the decisions of the United States Supreme Court or by the federal constitution when interpreting the provisions of the state constitution, since the latter may have broader safeguards than the minimum federal standards. *Blue v. State,* 558 P.2d 636, 641 (Alaska 1977); *Lemon v. State,* 514 P.2d 1151, 1154 n.5 (Alaska 1973); *Lanier v. State,* 486 P.2d 981, 986 (Alaska 1971); *Whitton v. State,* 479 P.2d 302, 309 (Alaska 1970); *Baker v. City of Fairbanks,* 471 P.2d 386, 401 (Alaska 1970).

ing the Supreme Court's requirement that a more severe sentence after a new trial may be imposed if based upon objective information "concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *North Carolina v. Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. If the defendant commits a criminal act when released on bail after the first conviction is reversed, but before a second judgment of conviction upon retrial, he may be tried, convicted and sentenced for such criminal act. If the defendant remains in prison during that period of time and misbehaves, disciplinary action can be imposed by the prison authorities, such as loss of good time. Therefore, the subsequent behavior will have already been the subject of sanctions.[15]

██ We believe if a more severe sentence may be imposed after retrial for any reason, there will always be a definite apprehension on the part of the accused that a heavier sentence may be imposed. Such apprehension or fear would place the defendant in an "incredible dilemma" in considering whether to appeal the conviction. A "desperate" choice exists,[16] and may very well deter a defendant from exercising the right to assert his innocence and request a retrial. Such deterrence violates the due process clause of the Alaska Constitution.

The fundamental standard of procedural fairness, which is the basic due process right claimed in this case, forbids placing a limitation on the defendant's right to a fair trial by requiring a defendant to barter with freedom for the opportunity of exercising it. *See State v. Wolf,* 46 N.J. 301, 216 A.2d 586, 590–91, 12 A.L.R.3d 970, 976 (1966).[17] The state has no valid interest in imposing unreasonable conditions on Shagloak's legitimate exercise of his due process right. The imposition of the five-year sentence after his trial following his change of plea from guilty to not guilty was a denial of due process of law under the Alaska Constitution and cannot be countenanced by this court.[18]

The sentence imposed in this case is vacated and set aside.

BURKE, J., not participating.

**15.** In *Padie v. State,* 594 P.2d 50 (Alaska, 1979), we commented on the need of a sentencing judge to consider the defendant's conduct during the period between the commission of the crime and the date of sentencing for that crime. But that situation is distinguishable from the situation we have here. The interest of seeing that a defendant is free to secure a new trial when justified is of greater importance than increasing his sentence because of subsequent conduct, particularly when that conduct, if it amounts to a violation of law, is subject to separate punishment.

**16.** Justice Harlan, dissenting in *North Carolina v. Pearce,* 395 U.S. at 746, 89 S.Ct. at 2086, 23 L.Ed.2d at 681; *United States v. Hawthorne,* 532 F.2d 318, 323 (3rd Cir. 1976); *United States v. Tobin,* 478 F.2d 852 (5th Cir. 1973); *State v. Wolfe,* 46 N.J. 301, 216 A.2d 586, 588–90 (1966).

**17.** *See also* Professor William W. Van Alstyne's provocative article, *In Gideon's Wake: Harsh Penalties and the "Successful" Criminal Appellant,* 74 Yale L.J. 606 (1965).

**18.** Three other states have reached the result that we reach here, but have based their decisions on different grounds. California held that the double jeopardy clause of its constitution prohibited a death sentence after retrial, when the original sentence had been life imprisonment. *People v. Henderson,* 60 Cal.2d 482, 35 Cal.Rptr. 77, 386 P.2d 677 (1963). The *Henderson* rationale was extended to cover any increase in sentence in *People v. Ali,* 66 Cal.2d 277, 57 Cal.Rptr. 348, 424 P.2d 932 (1967). Oregon and Minnesota have based their decisions barring increased sentences on grounds of judicial policy, rather than constitutional provisions. *State v. Turner,* 247 Or. 301, 429 P.2d 565 (1967); *State v. Holmes,* 281 Minn. 294, 161 N.W.2d 650 (1968).