STATE of Alaska, Petitioner,

v.

Samuel FEVOS, Respondent.

No. 4892.

Supreme Court of Alaska.

Oct. 10, 1980.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Avrum M. Gross, Atty. Gen., Juneau, for petitioner.

David C. Backstrom, Deputy Public Defender, Fairbanks, and Brian Shortell, Public Defender, Anchorage, for respondent.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.**

OPINION

RABINOWITZ, Chief Justice.

Samuel Fevos was arrested and indicted on assault charges. The superior court dis-

** This case was submitted to the court for decision prior to Justice Boochever's resignation.

missed the charges pursuant to a motion under Alaska R.Crim.P. 45, because Fevos had not been brought to trial within 120 days.[1] The state petitioned for review of this ruling,[2] and we now reverse, having concluded that no violation of the 120-day rule occurred.

Fevos was arrested on December 28, 1978. Trial was eventually set for August 27, 1979, after a period of 242 days. The superior court determined that 111 days were excluded and that 131 days were chargeable against the state, and thus granted the motion to dismiss.

A brief outline of the sequence of events is necessary. Following his arrest on December 28, Fevos was arraigned on December 29, and a public defender was appointed; preliminary hearing was set for January 4, 1979; and since it appeared to the superior court that Fevos might be suffering from a mental disease or defect, the court ordered a psychiatric examination. The psychiatric examination was completed and filed on January 8, 1979. On January 16, Fevos was indicted by the grand jury and arraigned on the indictment on January 18. At a subsequent conference held on January 26, trial was set for March 12, and an omnibus hearing was set for February 20, with motions to be filed by February 9.

On February 8, a motion to suppress was filed. This motion was followed by a series of other motions that culminated in a motion for change of plea which was filed on March 2. A no contest plea was thereafter entered on March 8, with sentencing set for April 12. On April 12, the plea was vacated and a plea of not guilty again entered, and the superior court ordered that Fevos be sent to Alaska Psychiatric Institute (API) for thirty days observation. The superior court requested a report as to whether Fevos could understand the charges against him or assist in his defense and whether he had mental capacity sufficient to enter a plea. Through administrative oversight, Fevos was never sent to API. He appealed to this court on June 5, on a pro se motion for review of the superior court's April 12th order. On June 19, we ordered the superior court to review its April 12th order including implementation of the psychiatric examination. The next hearing was held on June 25. At this proceeding, Fevos moved to reinstate his no contest plea. The superior court again ordered a psychiatric examination. On June 26, Fevos was sent to API and a psychiatric report was filed on June 28. He appeared before the superior court again on July 20, having been found competent by API, and again indicated a desire to reinstate his no contest plea. July 27 was the date set for the renewed change of plea. However, Fevos once again changed his mind and on August 2, a new trial date was set for August 27. On August 22, Fevos filed a Rule 45 motion to dismiss, which the superior court granted.

Subsection (d)(1) of Rule 45 provides for certain periods to be excluded:

The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to

---

1. Alaska R.Crim.P. 45 provides, in part:

    (a) *Priorities in Scheduling Criminal Cases.* The court shall provide for placing criminal proceedings upon appropriate calendars. Preference shall be given to criminal proceedings and the trial of defendants in custody shall be given preference over other criminal cases. Trial dates in criminal cases in the superior court shall be set at the time of arraignment, and if a trial date is thereafter vacated, the trial shall be immediately set for a date certain.

    (b) *Speedy Trial Time Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within 120 days from the time set forth in section (c).

    (c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

    (1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. . . .

2. We have granted this petition for review because it discontinued the action, *see* Alaska R.App.P. 23(c)(2), and because of the continuing importance of clarifying the application of Alaska R.Crim.P. 45, *see* Alaska R.App.P. 24(a)(1).

dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. No pretrial motion shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period.

The order for psychiatric examination was entered on the day after arrest, December 29.[3] The period from December 29 to January 8, when the initial psychiatric report was filed, is excluded under subsection (d)(1) as being during the pendency of competency hearings.[4] From January 8 to February 7 there is no basis for exclusion and all parties agree that this period of thirty-one days should be chargeable against the state. On February 8, Fevos filed the first of several defense motions, at least one of which was before the superior court throughout the period from February 8 until the motion to change plea was entered on March 8. Thus, the time from February 8 until March 8 is excludable under subsection (d)(1) of Rule 45. Since Fevos entered a plea of no contest on March 8, and sentencing was set for April 12, this time span is also excludable for good cause under Rule 45 because no trial was anticipated.[5]

On April 12, Fevos' plea was vacated and he was ordered to undergo thirty days of psychiatric observation at API. The superior court's order, as Fevos concedes, makes the next thirty days, through May 12, excludable.[6] However, through an oversight in the entering of orders by the superior court, Fevos was not sent to API until June 26. Fevos contends that this delay due to administrative error should be charged against the state. The state asserts that none of this period should be counted toward the 120-day limit as Fevos was himself responsible for the failure to speak out concerning the fact that the API examination had not been conducted. We are of the view that the thirty-day period from April 12 to May 12 should be excluded and find it unnecessary to decide whether any delay in obtaining and completing a psychiatric examination beyond the thirty days is chargeable to the state.[7]

When Fevos was finally sent to API, it took only two days, until June 28, for API to complete its examination; those two days must be counted against the state, as additional excess over the thirty days from April 12 to May 12. However, the hearing on Fevos' competence was not held until July 20. Since the superior court was considering Fevos' mental competency from June 28 until it reached its decision on the issue on July 20, this entire period is excluded under subsection (d)(1).[8]

On July 20 Fevos moved to reinstate his plea, but a week later, on July 27, at the time set for the change of plea, declined to do so. This period is thus excludable under (d)(1) as it encompasses the time Fevos'

---

3. We noted in *Deacon v. State*, 575 P.2d 1225, 1230 n.12 (Alaska 1978):

   Since Rule 45 does not provide for a specific method of calculation, we stated in *Nickels* that periods of delay are to be calculated according to Criminal Rule 40(a). Under Rule 40(a), the date of Deacon's arrest and the dates of events which re-start the running of the time period will not be counted, but the dates of tolling events will be.

   Thus, December 28, the date of arrest, starts the running of the time period but is not chargeable to the state.

4. An objective reading of Rule 45(d)(1) requires that the entire period between the motion for psychiatric examination and the filing of the psychiatric report be excluded. *Deacon v. State*, 575 P.2d 1225, 1229 (Alaska 1978) (footnote omitted).

5. Alaska R.Crim.P. 45(d)(7) requires that "[o]ther periods of delay for good cause" be excluded.

6. Actually, the April 12 order was followed by a written order issued on April 16. Fevos apparently concedes that the 30-day period should run from April 16 to May 16. As the difference does not affect the final result here, we use the earlier date as being more to Fevos' advantage.

7. The 30-day maximum for matters under advisement in subsection (d)(1) of Rule 45 is inapplicable to this period since the issue is not under advisement by the court until the examination has occurred and a report has been filed.

8. After the report was filed, the court had up to 30 days to consider the report, which was not exceeded in this case.

motion for change of plea was pending. From July 27 until the Rule 45 motion to dismiss was filed on August 22, there is no reason for exclusion and this period of twenty-six days is also chargeable against the state.

█ Adding up these periods, we find that only 105 days had run at the time the Rule 45 motion was made.[9] Thus, we conclude that the superior court erred in granting the motion to dismiss and that the indictment should be reinstated.

9. The time sequence, as we view it, is as follows:

| Incident | Date | Time Effect | Days Elapsed | Total |
|---|---|---|---|---|
| Arrest | 12/28/78 | start | - | 0 |
| Psychiatric exam ordered | 12/29/78 | stop | 1 | 1 |
| Psychiatric exam filed | 1/8/79 | start | - | 1 |
| Motion to suppress filed | 2/8/79 | stop | 31 | 32 |
| Change of plea entered; no motions pending | 3/8/79 | stop | - | 32 |
| Plea vacated; psychiatric exam ordered | 4/12/79 | stop | - | 32 |
| End of 30-day period | 5/12/79 | start | - | 32 |
| API competency report filed | 6/28/79 | stop | 47 | 79 |
| Found competent; motion to reinstate plea | 7/20/79 | stop | - | 79 |
| Motion to withdraw | 7/27/79 | start | - | 79 |
| Rule 45 motion | 8/22/79 | stop | 26 | 105 |