Ernest MORGAN, Appellant,

v.

STATE of Alaska, Appellee.

No. 6991.

Court of Appeals of Alaska.

Dec. 23, 1983.

---

Mary E. Greene, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Richard W. Maki, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Ernest Morgan was convicted by a jury of rape (former AS 11.15.120), assault with a dangerous weapon (former AS 11.15.220), assault with intent to commit rape (former AS 11.15.160), and assault and battery (former AS 11.15.230). Superior Court Judge Charles R. Tunley sentenced Morgan to concurrent terms of ten years for rape, eight years for assault with a dangerous weapon (ADW), six years for assault with intent to commit rape, and six months for assault and battery (A & B). On appeal, Morgan challenges only his conviction and sentence for rape. Morgan argues that Judge Tun-

ley erred in permitting the rape charge to be reinstated after it had previously been dismissed. He further contends that prosecution of the rape charge was barred by Alaska's speedy trial rule. Alaska R.Crim.P. 45. Finally, he maintains that Judge Tunley was barred from imposing a sentence in excess of eight years for the rape conviction. We affirm.

## FACTS

A brief discussion of the procedural background of this case is necessary to place Morgan's arguments in context. On April 20, 1978, Morgan, his wife, and another individual attacked a Bethel woman and subjected her to repeated acts of rape, torture and violent assault. Morgan was arrested shortly after the incident and was subsequently indicted for rape, ADW, assault with intent to commit rape, and A & B. At the arraignment following his indictment, Morgan attempted to peremptorily disqualify Superior Court Judge Christopher Cooke pursuant to Alaska Criminal Rule 25(d). Judge Cooke ruled that Morgan's peremptory challenge was untimely.

On August 7, 1978, the date set for trial, Morgan withdrew his original pleas of innocence and pled guilty to three charges: ADW, assault with intent to commit rape, and A & B. Although there was no formal plea agreement, Morgan was aware that the state would not try the rape charge alone if he pled guilty to the three other charges against him. After Morgan entered his guilty pleas, the state did in fact dismiss the rape charge. The decision to dismiss was based primarily on the state's conclusion that the interest of justice would not be served by subjecting Morgan's victim to the trauma of a jury trial in light of Morgan's guilty pleas to three of the four charges against him.

Prior to sentencing, however, Morgan obtained a new attorney and moved to withdraw his guilty pleas. One of the grounds for his motion was that Judge Cooke had improperly denied Morgan's peremptory challenge. Judge Cooke denied Morgan's motion and sentenced him to con-

current eight-year terms for ADW and assault with intent to commit rape; Judge Cooke imposed an additional six-month term, also concurrent, for A & B. Morgan appealed, again claiming that Judge Cooke improperly denied his peremptory challenge. The Alaska Supreme Court reversed Morgan's conviction. The court concluded that Morgan's peremptory challenge had been timely, that Judge Cooke improperly refused to disqualify himself, and that Morgan should therefore be permitted to withdraw his guilty pleas. *Morgan v. State,* 635 P.2d 472 (Alaska 1981).

Upon reversal of Morgan's conviction, the state informed Morgan that it intended to reinstate the previously dismissed rape charge if he elected to withdraw his guilty pleas to the three charges for which he had already been convicted. Morgan nevertheless withdrew his guilty pleas. Subsequently, over Morgan's objection, Judge Tunley permitted the prosecution to reinstate the original rape charge. Morgan was eventually tried and convicted of the four charges contained in the original indictment.

Before sentencing, Morgan argued that Judge Tunley was barred from imposing a sentence exceeding the aggregate eight-year term Morgan received from Judge Cooke after pleading guilty to ADW, assault with intent to commit rape, and A & B. Judge Tunley rejected this argument and imposed a ten-year sentence for Morgan's conviction of rape.

## PROSECUTORIAL VINDICTIVENESS

Morgan first claims that reinstatement of the original rape charge following his successful appeal created an impermissible appearance of prosecutorial vindictiveness, thereby violating his constitutional right to due process. Morgan relies on our decision in *Atchak v. State,* 640 P.2d 135 (Alaska App.1981). In *Atchak,* we observed that fundamental fairness precludes the state from "upping the ante" by increasing or threatening to increase charges in retaliation for an assertion by the accused of his constitutional or statutory rights. *Atchak,* 640 P.2d at 149. We emphasized that the

requirements of due process[1] protect the accused from both actual and apparent prosecutorial vindictiveness. Accordingly, we held that when the totality of the circumstances in a case, objectively viewed, indicates a realistic likelihood of prosecutorial vindictiveness, a *prima facie* showing of vindictiveness must be found. The burden is then on the prosecution to rebut the showing of vindictiveness by negating the appearance of vindictiveness as well as the possibility of actual vindictiveness. *Atchak v. State,* 640 P.2d at 144–45.[2]

■ We believe that the record in this case fails to support even a *prima facie* finding of prosecutorial vindictiveness. As we have already indicated, in determining whether a *prima facie* case of vindictiveness has been made, we must consider all relevant circumstances in the record. The record unequivocally establishes that the only reason for the state's dismissal of Morgan's rape charge in 1978 was his willingness to waive his right to a trial by pleading guilty to the three other offenses with which he was charged.

■ Normally, a *prima facie* case of vindictiveness will be established by proof of a prosecutorial threat to reinstate a previously dismissed charge following a successful appeal by the accused. However, where the record shows that the state originally dismissed a charge against the accused in reliance on his willingness to relinquish his right to trial and to accept punishment for related charges, no inference of vindictiveness can fairly be said to arise if the accused subsequently elects to reassert his

right to trial and the state, in response, simply restores the case to its original posture. Under these circumstances, the state's conduct is not retaliatory or vindictive in nature. Rather, the state, like the accused, seeks only to reassert its initial position. Hence, no realistic likelihood of vindictiveness is indicated by the state's conduct.

Morgan attempts to bolster his claim by pointing out that, in the absence of a formal plea bargain, the state's decision to dismiss the rape charge must be deemed binding, since the dismissal was not required. We believe this position is unrealistic. When an accused decides to enter guilty pleas to a number of charges and apparently acquiesces to conviction and sentencing, we think the state is reasonably entitled to rely on the accused's decision in determining how to dispose of any remaining charges. If the accused subsequently seeks to reassert his innocence, there seems to be little reason to characterize a corresponding effort by the state to reinstate the original charges as being retaliatory or vindictive, regardless of whether dismissal of the charges was originally based on a formal plea bargain. In this case, the evidence is uncontroverted that Morgan's rape charge was dismissed in reliance on his guilty pleas to the related charges of ADW, assault with intent to commit rape, and A & B. Given this evidence, the prosecution's decision to reinstate the rape charge after Morgan elected to withdraw his guilty pleas does not amount to an impermissibly vindictive act, even if no formal plea agreement

1. Alaska Const. art. 1, § 7; U.S.Const. amends. V and XIV.

2. Our holding in *Atchak* was based in part on the United States Supreme Court's holdings in *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We also relied on the Alaska Supreme Court's extension of these decisions in *Shagloak v. State,* 597 P.2d 142 (Alaska 1979). We acknowledged in Atchak that the United States Supreme Court had created a specific exception to the prosecutorial vindictiveness doctrine in cases involving plea bargaining. *Bordenkircher v. Hayes,* 494 U.S. 357, 98 S.Ct.

663, 54 L.Ed.2d 604 (1978). Since no plea bargain was involved in *Atchak,* however, we did not address the applicability of *Bordenkircher* under Alaska law. *Atchak,* 640 P.2d at 145 n. 21. Since our decision in *Atchak,* the United States Supreme Court has further restricted the scope of the prosecutorial vindictiveness doctrine, holding that it applies only to post-conviction situations. *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). Because this case involves a post-conviction threat to increase charges and there was no plea bargaining, we need not address the applicability of either *Bordenkircher* or *Goodwin* under Alaska law.

compelled the earlier dismissal of the rape charge.

## FAILURE TO REINDICT

Morgan next argues that Judge Tunley erred in permitting reinstatement of the dismissed rape charge without reindictment. Morgan relies on the language of Criminal Rule 43(a), which states, in relevant part, that when the state files notice of dismissal, "the prosecution shall thereupon terminate." Whether a previously dismissed case may be reinstated by court order following a dismissal entered pursuant to Criminal Rule 43(a) is a question of first impression in Alaska. Under the comparable federal rule, Fed.R.Crim.P. 48(a), reindictment seems to be accepted as the appropriate means of reinstituting dismissed charges. *See, e.g., United States v. Senak,* 477 F.2d 304 (7th Cir.1973), *cert. denied,* 414 U.S. 856, 94 S.Ct. 157, 38 L.Ed.2d 105 (1973). In the present case, however, Judge Tunley ruled that even if Criminal Rule 43(a) technically required reindictment, good cause existed to relax the rule and permit reinstatement of the original charge. Judge Tunley stated:

> If Criminal Rule 43(a) can in any way be read to require a reindictment (which I do not believe it can), said Rule is hereby dispensed with by this court in this case, for I believe it is manifest to this court that a strict adherence to Rule 43(a) would work an injustice. *See: Criminal Rule 53.* I just cannot see any reason for a reindictment, which would undoubtedly require putting a young girl through the

embarrassment and trauma of testifying yet again, to yet another grand jury.

■ We do not believe that Judge Tunley abused his discretion in permitting the dismissed charge to be reinstated pursuant to Criminal Rule 53.[3] Moreover, given the lack of any significant change in the factual basis supporting the reinstated charge, we do not think Judge Tunley's ruling deprived Morgan of his right to be prosecuted only upon indictment. Morgan has presented no reason, and we can think of none, why the reinstated charge of rape, which was included as a part of the original indictment returned against him, should be deemed insufficient to protect his right to indictment as provided for by Alaska Criminal Rule 7(a) and by the Alaska Constitution, article 1, section 8.

## SPEEDY TRIAL VIOLATION

■ Morgan further contends that his prosecution for rape was barred by Alaska Criminal Rule 45, which generally requires criminal trials to be held within 120 days of arrest.[4] However, we conclude that the time from entry of Morgan's guilty pleas to reversal of his conviction on appeal by the supreme court must be excluded from computation under the 120-day rule. Exclusion of this time period is warranted for good cause.[5]

An analogous case is *State v. Fevos,* 617 P.2d 490 (Alaska 1980). After being indicted for assault charges, Fevos entered a no contest plea; a date for sentencing was scheduled. Prior to sentencing, Fevos successfully moved to withdraw his no contest plea and reinstated his original plea of not

---

**3.** Alaska R.Crim.P. 53 provides:
   These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

**4.** Alaska R.Crim.P. 45 provides, in relevant part:
   (b) *Speedy Trial Time Limits.* A defendant charged with a felony, a misdemeanor, or a violation shall be tried within 120 days from the time set forth in paragraph (c) of this rule.

   (c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:
   (1) from the date the defendant is arrested, initially arraigned, or from the date the charge ... is served upon the defendant, whichever is first....

**5.** Alaska R.Crim.P. 45(d) provides, in relevant part:
   (d) *Excluded Periods.* The following periods shall be excluded in computing the time for trial: ....
   (7) other periods of delay for good cause.

guilty. He later moved to dismiss his case for violation of the 120-day rule. On appeal, the supreme court held that the period between entry of Fevos's plea of no contest and his sentencing date was excluded from the 120-day rule for good cause:

> Since Fevos entered a plea of no contest on March 8, and sentencing was set for April 12, this time span is also excludable for good cause under Rule 45 because no trial was anticipated.

*Fevos,* 617 P.2d at 492 (footnote omitted); *see also id.* at 492 n. 5.

Here, as in *Fevos,* no trial was anticipated after entry of guilty pleas. The prosecution relied on Morgan's pleas to three of the four charges against him and concluded that prosecution of the remaining count was not justified. We believe the prosecution's reliance on Morgan's guilty pleas was reasonable, and we find no good reason why the reinstated charge of rape should be treated differently from Morgan's other charges for purposes of applying the 120-day restriction of Criminal Rule 45.[6]

## INCREASE IN SENTENCE AFTER APPEAL

■ Morgan's last argument is that Judge Tunley was barred from imposing a sentence higher than the eight-year term originally imposed for his conviction of ADW and assault with intent to commit rape. Morgan relies on *Shagloak v. State,* 597 P.2d 142 (Alaska 1979). However, we think *Shagloak* is largely inapposite. *Shagloak* holds that courts sentencing offenders convicted upon retrial after a successful appeal may not impose higher sentences than were originally imposed on the same charges. Thus, *Shagloak* would have directly prohibited Judge Tunley from exceeding Judge Cooke's original sentences for Morgan's convictions of ADW, assault with intent to commit rape, and A & B. However, Morgan was not given a higher sentence for any of these crimes. Rather, he was sentenced to a ten-year term for rape, a crime for which he had not been previously sentenced. The supreme court's holding in *Shagloak* thus does not directly control this case. Nor do we believe that the policies underlying the decision in *Shagloak* warrant extension of its holding to the present case.

In *Shagloak,* the court explained its ruling in the following terms:

> We believe if a more severe sentence may be imposed after retrial for any reason, there will always be a definite apprehension on the part of the accused that a heavier sentence may be imposed. Such apprehension or fear would place the defendant in an "incredible dilemma" in considering whether to appeal the conviction. A "desperate" choice exists, and may very well deter a defendant from exercising the right to assert his innocence and request a retrial. Such deterrence violates the due process clause of the Alaska Constitution. The fundamental standard of procedural fairness, which is the basic due process right claimed in this case, forbids placing a limitation on the defendant's right to a fair trial by requiring the defendant to barter with freedom for the opportunity of exercising it.

**6.** It might be argued that the state was placed on notice of the potential need for a trial on the rape charge by Morgan's motion to withdraw his guilty pleas. However, we think it would be unreasonable to hold that good cause for exclusion of time under Rule 45(d)(7) terminated when Morgan moved to withdraw his guilty pleas. If Morgan ultimately failed in his efforts to withdraw his plea, the prosecution's position with respect to the dismissed rape charge would not have been altered. Accordingly, the prosecution had good reason to await a final ruling on the merits of Morgan's motion to withdraw his pleas prior to reinstating the rape charge. Similarly, if Morgan ultimately prevailed in his efforts to withdraw his guilty pleas, the three charges to which he had pled guilty would have to be tried. It would seem purposeless to construe Criminal Rule 45 as requiring the state to proceed with trial of the originally dismissed rape charge while the other changes were on appeal, since essentially the same trial would have to be repeated if Morgan ultimately succeeded in withdrawing his guilty pleas. Thus, we hold that Morgan's efforts to withdraw his guilty pleas do not affect good cause for delaying prosecution of the rape charge.

*Shagloak,* 597 P.2d at 145 (footnote omitted).

Here, the possibility that Morgan might be prosecuted and separately sentenced for the additional crime of rape after a successful appeal simply did not, in and of itself, place Morgan in an "incredible dilemma" or force him to make a "desperate choice" within the meaning of *Shagloak.* The dilemma and choice faced by Morgan following his successful appeal was precisely the same as that which he had faced at the inception of his case.

Prior to trial, when Morgan was charged with four separate offenses, including rape, he was aware that the prosecution would dismiss the rape charge if he pled guilty to the three remaining charges. Morgan certainly must have been aware that, if convicted of all four offenses, he faced a potentially higher sentence than that which he would receive if he pled guilty to three offenses and obtained a dismissal of the rape charge. Faced with this choice, Morgan elected to plead guilty to three charges and to allow the charge of rape to be dismissed. Prior to sentencing, Morgan changed his mind and sought to withdraw his guilty pleas. At that time, the same basic choice confronted him: to accept conviction and sentencing for three offenses or to assert his right to trial on the original indictment at the risk of being convicted and sentenced for all four charges.[7] By changing his mind and moving to withdraw his pleas, Morgan chose to take the risk of conviction and punishment on the original charges; he was prevented from doing so

by Judge Cooke, whose ruling was subsequently reversed. The prosecutorial threat to reinstate Morgan's rape charge after he successfully appealed presented Morgan with precisely the same choice that he had previously faced: to accept conviction and sentencing for three offenses or to assert his right to trial at the risk of being convicted and sentenced for an additional offense. Thus, in no meaningful sense did the threat of an increased charge and sentence following appeal force Morgan to make a choice more desperate than that which he originally made and that with which he was faced throughout his prosecution.

In summary, our decision that reinstatement of the dismissed rape charge was not vindictive is largely dispositive of Morgan's claim that his maximum sentence could not exceed the eight-year term originally imposed. Just as the threat of reinstatement did not give rise to an inference of prosecutorial vindictiveness, imposition of the separate and higher sentence for the crime of rape does not create an appearance of judicial vindictiveness. Essentially, Morgan's argument is that, by pleading guilty to three of the original charges against him and procuring dismissal of the fourth, and then later deciding to reassert his innocence, he somehow gained a constitutionally protected right against prosecution and punishment for the charge dismissed in reliance on his guilty pleas. We find this argument to be unpersuasive and do not believe the supreme court's holding in *Shagloak* compels a contrary conclusion.[8]

---

7. When Morgan moved to withdraw his pleas of guilty, his counsel did not assert that the state would in any way be foreclosed from reinstating the original charge of rape. Nor has Morgan's current counsel argued that reinstatement of the rape charge would have been impermissible at any time prior to Morgan's successful appeal. We think it apparent that, if Morgan had been permitted to withdraw his guilty pleas prior to the original sentencing, reinstatement of the rape charge would have been permissible, and any assertion of prosecutorial vindictiveness would have been without merit.

8. Morgan separately maintains that a sentence in excess of eight years was not justified be-

cause Judge Cooke took Morgan's rape into account in sentencing Morgan on his pleas of guilty to the charges of ADW, assault with intent to rape, and A & B. This argument is unpersuasive. In sentencing Morgan for those three charges, Judge Cooke did indicate that he would take into account all relevant circumstances, including the injuries suffered by M.P. However, Judge Cooke made it clear that he did not intend to make any finding as to whether Morgan actually committed the offense of rape and that he did not intend to sentence Morgan for any crimes other than those to which he had pled guilty.

The conviction and sentence are AFFIRMED.