489 F.2d 91
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael B. BETHANY, Defendant-Appellant.
No. 73-3085 Summary Calendar.*
*Rule 18, 5th Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5th Cir. 1970,
431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Feb. 7, 1974.
 
 M. Gabriel Nahas, Jr., Houston, Tex. (Court-appointed), for defendant-appellant.
 Anthony J. P. Farris, U.S. Atty., Mary L. Sinderson, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.
 Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 Confronted with a thirteen count indictment involving marijuana violations, Michael B. Bethany pled guilty to one count of possession with intent to distribute 90 pounds of marijuana and obtained a dismissal by the Government of the remaining twelve counts. He now appeals the validity of his conviction and the failure of the court to reduce his sentence from four years confinement and a special parole term of not less than two years.
 
 
 2
 First, he challenges the sufficiency of the factual basis supporting his plea. Rule 11 of the Federal Rules of Criminal Procedure prohibits the court from entering a judgment upon a plea of guilty 'unless it is satisfied there is a factual basis for the plea.' Contrary to appellant's argument, this requirement does not demand a 'written, sworn, and filed stipulation of evidence,' but only that the court make an inquiry 'factually precise enough and sufficiently specific to develop that (defendant's) conduct on the occasions involved was within the ambit of that defined as criminal.' Jimenez v. United States, 487 F.2d 212, 213 (5th Cir. 1973). Here the District Court sufficiently complied with the rule by questioning the defendant and hearing the Government's summarization of the investigation report.
 
 
 3
 Second, appellant contends that the count of the indictment to which he pled guilty is 'erroneous' in that it not only alleges possession of a controlled substance with intent to distribute in violation of 21 U.S.C.A. 841(a)(1), but goes further and conjunctively adds 18 U.S.C.A. 2, a procedural statute which authorizes punishment of an aider and abettor as a principal. The indictment having admittedly alleged a crime is not rendered ineffective because of the additional recitation of the procedural statute. It is the statement of facts in the indictment and not the statutory citation that is determinative of validity. 'Error in the citation . . . shall not be ground for . . . reversal of a conviction if the error . . . did not mislead the defendant to his prejudice.' F.R.Crim.P. 7(c); see United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788 (1941); Williams v. United States, 168 U.S. 382, 389, 14 S.Ct. 1188, 25 L.Ed. 309 (1897). Appellant has alleged no prejudice.
 
 
 4
 Third, the appellant asserts that he understood that his undercover services in narcotics investigations would entitle him to probation. Appellant's attorney informed the court, however, that the agreement with the United States attorney was that the Government (1) would accept a guilty plea on one count and dismiss the remaining twelve counts, and (2) would inform the probation officer responsible for the pre-sentence investigation of appellant's cooperation with the Government. The attorney further stated that no promises of probation or of recommendations for leniency were made, and that appellant understood the nature of the agreement. The plea bargain was performed. See Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).
 
 
 5
 Having declined the opportunity offered by the court to withdraw his plea and let the Government proceed, Bethany's attorney asserted a reconsideration of the proposed sentence under Rule 35, F.R.Crim.P. The District Judge stated that he had taken appellant's undercover services and other favorable factors into consideration in the sentence. A Rule 35 reduction of a valid sentence is within the broad discretion of the District Court. See Lott v. United States, 309 F.2d 115, 126 (5th Cir. 1962), cert. denied, 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 498 (1963); Beitel v. United States, 306 F.2d 665, 672 (5th Cir. 1962).
 
 
 6
 Affirmed.