### UNITED STATES of America

v.

### Pervoid WILLIAMS.

### Crim. No. 80–0182.

United States District Court,
E. D. Pennsylvania.

May 7, 1981.

---

Movant pled guilty to one count. (The remaining two counts of the indictment were dismissed pursuant to a plea agreement). On that single count, he was sentenced to six months imprisonment, followed by four and one-half years probation. On April 1, 1981, he completed the jail term, and now is on probation.

He moves to terminate the probation [1] arguing that on a single-count conviction, probation can be imposed only if accompanied by suspension of execution of a prison term. This is a correct reading of the statute, 18 U.S.C. § 3651. Directly on point is *United States v. Stupak*, 362 F.2d 933, 934 (3d Cir. 1966). There, the sentence was a fine and four months confinement, followed by probation. The *Stupak* court made it clear that suspension of a prison sentence is "a prerequisite to an order of probation," and that absent a suspension, a probation order is invalid. *Id.*

The government argues that I "clearly" intended to include in the sentence a suspended term of four and one-half years imprisonment. Such "clear" intent is not manifested in the record of the sentencing colloquy. Furthermore, the government's reliance on *United States v. Raftis*, 427 F.2d 1145, 1146–47 (8th Cir. 1970), is misplaced. In *Raftis*, the trial court imposed imprisonment on nine counts, and on an additional nine counts, imposed imprisonment on each "execution of sentence * * suspended," *id.* 1146, plus probation. The prisoner argued that the judge had failed to suspend the sentence, and that the probation should run concurrent with imprisonment on the first nine counts. The Eighth Circuit found these arguments "untenable," *id.*, because of the explicit suspension and statement that probation was to begin after imprisonment. *Id.* 1146–47. Here, by contrast, no language implies a term of more than six months or suspension of any sentence. Thus, the sentence as to probation was illegal, and must be corrected.

W. Cecil Jones, Asst. U. S. Atty., Philadelphia, Pa., for United States.

Steven A. Morley, Asst. Public Defender, Philadelphia, Pa., for defendant.

## MEMORANDUM

GILES, District Judge.

A post-trial motion for termination of probation raises the questions whether the movant was illegally sentenced, and if so, what corrective action the court should take.

---

1. Although petitioner does not cite Fed.R.Crim. Pro. 35, I treat the motion as one for correction of sentence pursuant to Fed.R.Crim.Pro. 35(a).

I must now consider how to make the correction. Movant asks for vacation of probation. The government suggests no alternative. The recent decision in *United States v. Busic*, 639 F.2d 940 (3d Cir. 1981), raises the possibility that I may resentence Mr. Williams. Assuming that I may consider this alternative *sua sponte*,[2] I decline to resentence because I do not believe *Busic* permits resentencing in this case. Even if *Busic* gave me discretion to resentence, I would not do so.

In *Busic*, the defendants were sentenced to consecutive terms for the crimes of assault with a dangerous weapon, 18 U.S.C. § 111, and carrying and using firearms to commit that assault, 18 U.S.C. § 924(c)(1)–(2). The Supreme Court held that § 924(c) may not be applied to a defendant who violates a statute, like § 111, which itself provides for an enhanced sentence when the felony is committed with a dangerous weapon. *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). The Court reversed the § 924 sentences and remanded to the Third Circuit.

The Third Circuit then considered whether it could also vacate the § 111 sentences and remand those convictions to the district court for sentencing *de novo*. The court decided that resentencing did not violate the Double Jeopardy Clause, and thus was proper. This result was based in part on a re-analysis of the Third Circuit's double-jeopardy opinions in light of *United States v. DiFranceso*, —— U.S. ——, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). 639 F.2d at 948–50. Judge Rosenn concluded that *United States v. Fredenburgh*, 602 F.2d 1143 (3d Cir. 1979), "and its predecessors decided by this court were based on a misunderstanding of the reach of the Double Jeopardy Clause." 639 F.2d at 950.

■ In light of *Busic*, it may be possible to resentence in some circumstances. The Double Jeopardy Clause is not violated merely by an increased sentence. *Id.* Furthermore: "There is no double jeopardy objection to altering the sentence even after service of a sentence has begun." *Id.* 948 n.11. Finally, the major line of Third Circuit precedent is of limited value because it was based on a misunderstanding of the Constitution. Thus, the limits of the application of *Busic* to resentencing are unclear.

The instant case is distinguishable from *Busic* in any event. In *Busic*, one crucial fact was that the district court's intended sentence could have been distributed in a number of ways, some of which were potentially unlawful. The trial judge chose an "interdependent" scheme, 639 F.2d at 947, which proved illegal. The court of appeals allowed him a chance to approximate his original stated total sentence through an alternative, legal distribution. Here, in contrast, there is no legal way to implement the probation. Thus, I believe *Busic* does not allow resentencing.

A new legal sentence which included probation necessarily would involve an additional (suspended) term of incarceration.[3] There is no recorded intent to impose such a term. The movant also has completed the legal portion of his sentence. If these considerations do not take this case outside the rule of *Busic*, then they lead me to conclude that, as a matter of discretion, I should not now increase the sentence.

The term of probation will be vacated.

---

**2.** Given the temporal and doctrinal novelty of *Busic*, the parties may be unaware of its implications. Thus, I believe that *sua sponte* consideration is particularly appropriate and will aid the parties and court by avoiding unnecessary future consideration of these issues.

**3.** In *Busic*, the resentencing "necessarily [did] not exceed the punishment previously meted out." 639 F.2d at 952.