### UNITED STATES of America

v.

### Oscar S. WYATT, Jr., et al.

### Crim. No. H–80–3.

United States District Court,
S. D. Texas,
Houston Division.

July 21, 1981.

James Ezer, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Thomas McDade, Fulbright & Jaworski, Houston, Tex., Carl A. Parker, Long, Parker, Doyle & Murphy, Port Arthur, Tex., for defendants.

## MEMORANDUM AND ORDER

CIRE, District Judge.

On January 11, 1980, Oscar S. Wyatt, Jr., pleaded guilty to acts charged in a criminal information to be in violation of 10 C.F.R. § 210.62(c). Pursuant to his plea of guilty, this Court found Mr. Wyatt guilty of violating the Emergency Petroleum Allocation Act, 15 U.S.C. § 754(a)(3)(B)(i), as charged in the criminal information, and ordered him to pay a fine of $40,000.00. By "Motion to Correct Judgment and for Further Relief," Defendant Wyatt asks this Court "for a writ of error *coram nobis*, to correct the sentence and judgment imposed herein on January 11, 1980, to find (him) not guilty of the 'violation' charged in the Information and to enter a judgment of acquittal." Defendant seeks this relief pursuant to Rules 35(a) and 52(b) of the Federal Rules of Criminal Procedure and the All Writs Act, 28 U.S.C. § 1651(a). Alternatively, Defendant asks the Court to set aside its judgment of conviction and grant a new trial pursu-

ant to Rules 32(d) and 33 of the Federal Rules of Criminal Procedure. Wyatt maintains that he is entitled to the relief sought in his motion because "accepting as true all the facts charged in the Information, no crime has been alleged or proven and as a matter of law, no crime has been committed."

Wyatt's version of the facts and circumstances leading up to the entry of his guilty plea are detailed in his motion and the Court will quote therefrom. Essentially, Mr. Wyatt advises the Court that he "volunteered to become a party" to ongoing plea bargaining negotiations between the United States and The Coastal Corporation, of which Wyatt is Chairman of the Board of Directors. Pursuant to this sacrificial act, Wyatt assured the Government that he could "in good faith and truthfully" admit his involvement in the facts charged in the Criminal Information. However, "Wyatt's feeling then and the reason for his present motion is that those facts, admittedly true, do not constitute an offense against the United States of America." Wyatt assures the Court that he has "in all respects honored the terms of the Statement of Plea Bargain," that he "persists in his plea of 'guilty' to 'committing' the acts charged in and by the Criminal Information," and that he does *not*, by this motion, "seek to set aside, modify, alter, vary, breach or otherwise violate his bargain."

The criminal information charges Oscar S. Wyatt, Jr., "individually and in his capacity as Chairman of the Board and Chief Executive Officer of The Coastal Corporation" with "willfully and knowingly" violating "Title 10, Code of Federal Regulations, Section 210.62(c) with respect to the distribution of domestic crude oil by engaging in a practice which constituted a means to obtain a price for crude oil higher than permitted by regulation ...," in violation of 15 U.S.C. § 754(a)(3)(B)(i).

■ Wyatt advances two arguments in support of his contention that he was convicted under a criminal information that fails to charge an offense. First, he alleges that Section 210.62(c) applies only to sales of an "allocated product" and does not apply to crude oil transactions. The applicable portion of that section states:

"Any practice which constitutes a means to obtain a price higher than is permitted by the regulations in this chapter or to impose terms or conditions not customarily imposed upon the sale of an allocated product is a violation of these regulations."

Wyatt was charged with "engaging in a practice which constitutes a means to obtain a price for crude oil higher than permitted by regulation" in violation of 15 U.S.C. § 754(a)(3)(B)(i). Thus, the criminal information refers to a practice forbidden by the first portion of the quoted sentence, preceding the word "or," which practice is not grammatically modified or limited by the words "allocated product" in the second half of the sentence. Section 210.62(c) plainly and unambiguously proscribes two practices: one which "constitutes a means to obtain a price higher than is permitted by the regulations" and one which "constitutes a means to impose terms or conditions not customarily imposed upon the sale of an allocated product." Wyatt was clearly charged with having engaged in the first practice. The regulations referred to therein, having been promulgated pursuant to the Emergency Petroleum Allocation Act, apply to crude oil. 15 U.S.C. § 753(a). Even accepting as true Wyatt's argument that only "allocated products" are covered by Section 210.62(c), this Court would have no difficulty holding crude oil to be an "allocated" product under the Emergency Petroleum *Allocation* Act. *Id.* (emphasis added). Wyatt's argument that his conviction was invalid because Section 210.62(c) applies to allocated products or alternatively because the section is unconstitutionally vague and ambiguous is overruled. Likewise, the Court holds Wyatt's contention that Section 210.62(c) was illegally promulgated to be without merit. The Court finds this regulation to be exempt from notice and comment procedures pursuant to the exemption contained in 5 U.S.C. § 553(b)(A) and (B).

Wyatt's second argument focuses on the criminal penalty provision of the Emergency Petroleum Allocation Act under which he was convicted. Title 15, United States Code, Section 754(a)(3)(B)(i) provides:

"(B) Whoever willfully violates any provision of such regulation, or any such order shall be imprisoned not more than 1 year, or—

(i) with respect to activities relating to the production or refining of crude oil, shall be fined not more than $40,000 for each violation;

(. . .)

or both."

Wyatt maintains that under the terms of this statute, no penalty can be assessed for activities relating to the *distribution* of crude oil. The Court agrees that the terms of subsection (i) refer only to the production or refining of crude oil and not to its distribution. The Court does not agree, however, that Section 754(a)(3)(B) fails to supply the requisite statutory authority for imposition of a penalty for engaging in activities relating to the distribution of crude oil. The words "such regulation" in Section 754(a)(3)(B) refer to those regulations enacted pursuant to 15 U.S.C. § 753(a). One of such regulations is 10 C.F.R. § 210.62(c), which, as previously discussed herein, is applicable to crude oil. Congress has explicitly provided that the regulations promulgated pursuant to § 753(a) shall provide for "equitable distribution of crude oil . . . at equitable prices . . . ." 15 U.S.C. § 753(b)(1)(F). In specifying prices, Congress directed that regulation under § 753(a) "shall provide for a dollar-for-dollar passthrough of net increases in the cost of crude oil . . . at all levels of distribution . . . ." 15 U.S.C. § 753(b)(2)(A).

The Court concludes that the criminal information filed against Oscar S. Wyatt, Jr., properly charges an offense against the United States in violation of 15 U.S.C. § 754(a)(3)(B). The fact that the information referred to a violation of 15 U.S.C. § 754(a)(3)(B)(i) does not render it void. It is the statement of facts in an indictment or information and not the stat-

utory citation that is determinative of validity. *United States v. Bethany*, 489 F.2d 91 (5th Cir. 1974). Error in the citation of the statute which the defendant is alleged to have violated is not a ground for dismissal of an information or for reversal of a conviction if the error did not mislead the defendant to his prejudice. Rule 7(c), Fed. R.Cr.P. Wyatt offers nothing to show that he has been mislead to his prejudice. In fact, he steadfastly admits the truthfulness of the factual allegations of the information relating to his activities in connection with the distribution of crude oil. Wyatt further insists that he and his attorneys have always insisted that the facts stated in the criminal information do not constitute an offense against the United States. Knowing this, Oscar Wyatt pleaded guilty. Knowing this, his attorneys advised him to plead guilty. Knowing this, no appeal was filed. As a general rule, the proper method of attacking the sufficiency of an indictment or information is by direct appeal; an indictment which would be vulnerable to a motion to quash at the time of trial is not necessarily subject to collateral attack. *Gearing v. United States*, 432 F.2d 1038 (5th Cir. 1970), *cert. denied*, 401 U.S. 980, 91 S.Ct. 1213, 28 L.Ed.2d 331 (1971); *Burchfield v. United States*, 544 F.2d 922 (7th Cir. 1976). In the case of a collateral challenge, an indictment cannot be questioned unless it is so defective on its face as not to charge an offense under any reasonable construction. *Tallman v. United States*, 465 F.2d 282 (7th Cir. 1972); *Grene v. United States*, 360 F.2d 585 (5th Cir. 1966), *cert. denied*, 385 U.S. 978, 87 S.Ct. 522, 17 L.Ed.2d 440 (1966); *Link v. United States*, 352 F.2d 207 (8th Cir. 1965), *cert. denied*, 383 U.S. 915, 86 S.Ct. 906, 15 L.Ed.2d 669 (1966); *Keto v. United States*, 189 F.2d 247 (8th Cir. 1951). The instant case presents no such circumstance and therefore, voidance of the criminal information against the defendant is unwarranted. See also *Schmidt v. United States*, 286 F.2d 11 (5th Cir. 1961).

The Court's prior discussion of 15 U.S.C. § 754(a)(3)(B) concludes that the criminal information at issue herein proper-

ly charges an offense under that statute. The Court notices, however, that a $40,000.00 fine, the penalty imposed upon Defendant Wyatt, is not authorized by Section 754(a)(3)(B), which provides only for a penalty of imprisonment for not more than one year. Where the punishment imposed does not conform to the applicable penalty statute, it is illegal. *Llerena v. United States*, 508 F.2d 78 (5th Cir. 1975). When a court discovers that it has entered a sentence that does not conform to applicable statutes, it has a duty to correct the sentence even if the corrected sentence is required to be more onerous. *United States v. Allen*, 588 F.2d 183 (5th Cir. 1979); *Llerena v. United States*, 508 F.2d 78 (5th Cir. 1975). Resentencing to correct an illegal sentence does not implicate double jeopardy rights. *United States v. Denson*, 603 F.2d 1143 (5th Cir. 1979); *Caille v. United States*, 487 F.2d 614 (5th Cir. 1973).

■ When Defendant Wyatt entered his plea of guilty on January 11, 1980, he was wrongly advised that the maximum allowable sentence was a fine not to exceed $40,000.00. Rule 11 of the Federal Rules of Criminal Procedure requires a defendant to be informed of the maximum possible penalty provided by law. When a defendant is wrongly advised of a maximum allowable sentence, he must be allowed to plead anew. *Government of the Canal Zone v. Tobar*, 565 F.2d 1321 (5th Cir. 1978).

It is accordingly ORDERED that the judgment of conviction and sentence imposed thereon entered in this cause on January 16, 1980, be, and it is hereby, VACATED and it is further ORDERED that the plea of guilty of Defendant Oscar S. Wyatt, Jr., entered herein on January 11, 1980, be, and it is hereby, VACATED. The Criminal Information filed herein on January 11, 1980, remains pending.