UNITED STATES of America, Plaintiff,

v.

Clayton Alvin CARTER, Defendant.

No. CR 80–290 PHX EHC.

United States District Court,
D. Arizona.

Oct. 7, 1982.

A. Melvin McDonald, U. S. Atty., D. Ariz., Arthur G. Garcia, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff.

Tom O'Toole, Federal Public Defender, D. of Ariz., Pamela Jole Franks, Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

CARROLL, District Judge.

*Factual Background*

The Defendant was convicted of violating 18 U.S.C. § 2031 and sentenced to five (5) years imprisonment. This crime is punisha-

ble by imprisonment for any term of years or for life.* The conviction was affirmed on appeal.

The Defendant's motion to reduce under Fed.R.Crim.P. 35(b) was granted (Order dated August 9, 1982). He was sentenced to 5 years of imprisonment, the term to be suspended on condition of confinement for 4 out of the next 9 months, and a 4 year and 8 month probation term imposed.

The government contends that a split sentence of imprisonment and probation which is authorized solely under 18 U.S.C. § 3651, is illegal in that a defendant may not be placed on probation for a crime punishable by life imprisonment.

The defendant contends that this sentence is authorized under the discretion granted in Fed.R.Crim.P. 35(b), which is claimed to preempt the above statute. Defendant also argues that resentencing the defendant for a period of more than 4 months would violate the Double Jeopardy Clause of the Fifth Amendment: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . ."

*Discussion*

I. *Is the sentence impermissible under 18 U.S.C. § 3651?*

■ There is no inherent power in the federal courts to suspend a sentence of imprisonment and to place a defendant on probation. *United States v. Workman,* 617 F.2d 48, 50 (4th Cir. 1980); *United States v. Cohen,* 617 F.2d 56, 58 (4th Cir.); *cert. denied,* 449 U.S. 845, 101 S.Ct. 130, 66 L.Ed.2d 55 (1980). The probation statute is thus the only authority for such an action by the Court.

The statute provides that the Court may suspend a sentence and impose either a term of probation or a split sentence of 6 months imprisonment and probation for an additional term, only "upon entering a judgment of conviction of any offense not

---

\* Although § 2031 provides for "death" as a possible sentence, such a sentence is foreclosed by decisions voiding the death sentence in federal court. See *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).

punishable by death or life imprisonment." 18 U.S.C. § 3651.

■ Since the crime in this case prescribes punishment by imprisonment for a term of years or for life, the Court has exceeded its authority in imposing the sentence of 4 months imprisonment and 4 years and 8 months probation. *United States v. Denson,* 588 F.2d 1112 (5th Cir.), *aff'd in part, rev'd in part,* 603 F.2d 1143 (5th Cir. 1979) (en banc) (aff'd that a sentence of probation was illegal under § 3651 holding that a writ of mandamus would issue to correct the illegal sentence).

II. *Does Fed.R.Crim.P. 35(b) give the Court power to enter a legal sentence and reduce it to an illegal sentence?*

■ Fed.R.Crim.P. 35(b) was amended in 1979 to provide that: "Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision." This provision was interpreted in the Notes of the Advisory Committee on Rules:

> This change gives 'meaningful effect' to the motion-to-reduce remedy by allowing the court 'to consider all alternatives that were available at the time of imposition of the original sentence.' (citation omitted)

There is no indication anywhere in the law that Rule 35(b) was intended to preempt other sentencing statutes. Thus it is said: "A sentence may not be reduced [under a Rule 35(b) motion] below a mandatory statutory minimum ..." 3 C. Wright & A. Miller, Federal Practice and Procedure § 586 at 404 (2d ed. 1982).

The defendant relies on 18 U.S.C. § 3771 for the proposition that the Rule preempts the conflicting statute. 18 U.S.C. § 3771 provides: "All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." This argument falls short of demonstrating that the rules were intended to take precedence over prior enacted substantive or penal laws. *See Davis v. United States,* 411 U.S. 233, 241, 93 S.Ct. 1577, 1582, 36 L.Ed.2d 216, 224 (1973) (in dicta the Court discussed pos-

sible precedence but only held that the rules in question did not conflict with any prior statute). Given that nothing in the Advisory Committee Notes indicates that the Rule was intended to provide a judge with anything more than discretion to choose among possible legal sentences under 35(b), there is no conflict between the probation statute and the rule.

The defendant also argues that this position is illogical. It is true that the Court could order Carter to serve a minimal period of incarceration, after which he would be released without parole; but the law simply does not allow the Court the alternative of imposing a more "harsh" additional sentence of probation following suspension of a legal sentence.

III. *Would increasing the four month sentence violate the Fifth Amendment's protection against Double Jeopardy?*

■ A court does not violate the Double Jeopardy Clause of the Fifth Amendment when it increases an illegally low sentence of imprisonment up to the statutory minimum. *United States v. Best,* 571 F.2d 484, n. 1 at 486 (9th Cir. 1978). However, prior to 1980, the general rule was that: "The court may not increase or make more severe the valid portions of the sentences originally imposed if service of the legal portions has commenced." 3 C. Wright & A. Miller, Federal Practice and Procedure § 582 at 387 (2d ed. 1982); *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir. 1964).

■ After the decision in *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the above proposition has no Constitutional underpinnings. The *DiFrancesco* Court held that it was not a violation of the Double Jeopardy Clause to give the government a statutory right to appeal the sentence given a person designated as "a dangerous special offender" by the court. The Supreme Court spelled out the parameters of the Double Jeopardy Clause, noting that a sentence does not have the qualities of Constitutional finality accorded an acquittal. 449 U.S. at 436, 101 S.Ct. at 436. The Double Jeopardy Clause

is designed to protect the defendant both from the double punishments spelled out in the text of the Fifth Amendment, and from successive prosecutions following an acquittal. 449 U.S. at 136, 101 S.Ct. at 437.

The Supreme Court also decided that the federal practice of barring an increase in sentence by the trial court after service of the sentence is begun is not constitutionally based. It is based instead on dictum in *United States v. Benz,* 282 U.S. 304, 307, 51 S.Ct. 113, 114, 75 L.Ed. 354, 356 (1931). That dictum should be limited to the specific context of *Ex Parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874) (where one of two alternative punishments had been suffered and the power of the court to punish further was thus eliminated). *DiFrancesco,* 449 U.S. at 138–39, 101 S.Ct. at 438, 66 L.Ed.2d at 346–47.

The Fifth Circuit has interpreted *DiFrancesco* for the proposition that the Double Jeopardy Clause does not provide an absolute bar to increasing a defendant's sentence. *United States v. Henry,* 680 F.2d 403 (5th Cir. 1982). Both the *Henry* case and *United States v. Busic,* 639 F.2d 940 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981), allow resentencing on an undisturbed and legal count where another count was struck down. This is partially based on the trial court's overall sentencing plan, with which the resentencing were consistent. Both reject the rule that a defendant may not be resentenced for a term exceeding the original legal sentence. In this context, the Double Jeopardy Clause gives the defendant two protections:

(1) He may not be retried after an acquittal; and

(2) He may not be twice punished for the same crime.

*Accord, McClain v. United States,* 676 F.2d 915 (2d Cir. 1982); *United States v. Williams,* 514 F.Supp. 334 (E.D.Pa.1981) (if term of imprisonment had been completed, imposition of a greater sentence would violate double jeopardy).

*Conclusion*

█ The rule that a court may not increase a lawfully imposed sentence once service of the sentence had begun, has no Constitutional support. In any case, the defendant has not begun to serve the four months of imprisonment. The suspended sentence and probation were illegal.

There is no absolute bar to resentencing in this case. Since the defendant really had no expectation of the lesser sentence, given that he faced an originally more severe sentence and has not begun to serve his time, there is no logical barrier to resentencing.

IT IS THEREFORE ORDERED:

1. This Court's sentence of Clayton Alvin Carter, entered on August 9, 1982, is vacated;

2. The sentence entered on July 13, 1981, is modified pursuant to the Rule 35 motion as follows:

Clayton Alvin Carter is committed to the custody of the Attorney General or his authorized representative for a period of thirty (30) months, with the defendant to be eligible for parole at the expiration of six months of such term, pursuant to the provisions of 18 U.S.C. § 4205(b)(1).

The defendant is to be afforded the privilege of self surrender on January 4, 1983, at such place as the Bureau of Prisons shall direct.