Arthur G. Garcia, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Clayton Alvin CARTER,**
**Defendant-Appellant.**

**No. 82–1584.**

United States Court of Appeals,
Ninth Circuit.

Submitted and Argued March 19, 1983.

Decided April 22, 1983.

Before FAIRCHILD *, HUG, and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

Carter was convicted of rape, a violation of 18 U.S.C. § 2031, on May 26, 1981, and was sentenced to five years imprisonment under 18 U.S.C. § 4205(b)(2). He appealed and this court affirmed his conviction. Carter then moved to reduce his sentence under Fed.R.Crim.P. 35(b). The district court granted his motion and reduced his sentence to four months in a community treatment center and four years and eight months probation. The Government objected to this reduced sentence and moved to

* The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

**1064**

correct the alleged illegal sentence, arguing that 18 U.S.C. § 3651 does not permit a sentence of probation for rape, which is a crime punishable by life imprisonment. The trial court, 548 F.Supp. 1143, granted the Government's motion and sentenced Carter under 18 U.S.C. § 4205(b)(1) to thirty months imprisonment with parole eligibility after six months. Carter appeals the grant of the Government's motion.

■ Federal Rule of Criminal Procedure 35(b) permits the trial judge to reduce a sentence from a term of incarceration to probation. Section 3651 of United States Code Title 18 bars a judge from issuing a sentence of probation for a crime punishable by life imprisonment. Under 18 U.S.C. § 2031 rape is such a crime. Carter argues that Rule 35(b) permits a judge to enter a sentence of probation for a rape conviction, notwithstanding the prohibition of section 3651. We reject the argument.

Section 3651 is a grant of authority to the district courts to impose a sentence of probation on federal offenders, except for offenses punishable by death or life imprisonment. Federal Rule of Criminal Procedure 35(b) allows a district court to reduce a sentence of incarceration to a term of probation, but section 3651 is a limitation upon the Rule 35(b) power of the district court. Rule 35(b) does not supersede section 3651 or repeal it by implication.

Carter relies on 18 U.S.C. § 3771, which provides for the nullification of all laws in conflict with federal rules. This section arguably nullifies section 3651 if section 3651 is in conflict with Rule 35(b). Carter also relies on dictum in *Davis v. United States,* 411 U.S. 233, 241, 93 S.Ct. 1577, 1582, 36 L.Ed.2d 216 (1973), which indicates that section 3771 repeals all prior statutes which conflict with a federal rule. It is doubtful that Rule 35(b) conflicts with section 3651. It would most reasonably be read to permit probation only in instances where probation was a permissible sentence.

However, we need not resolve this issue solely on an interpretation of Rule 35(b). Section 3771 also provides that the repeal of conflicting laws does not encompass the re-peal of federal rules. Since Rule 32(e) repeats the section 3651 limitation on the grant of probation to offenses not punishable by life imprisonment or death, it is unnecessary for us to decide whether section 3771 repeals section 3651. Even if it does, it would make no difference in this case because section 3771 by its terms cannot repeal Rule 32(e). The trial court properly granted the Government's motion to correct an illegal sentence.

■ Carter began serving his reduced sentence of four months in a community treatment center and four years and eight months probation before the court resentenced him under 18 U.S.C. § 4205(b)(1) to thirty months imprisonment with parole eligibility after six months. He argues that this procedure violated the double jeopardy clause. We disagree.

Carter relies upon two cases, *United States v. Best,* 571 F.2d 484, 486 (9th Cir. 1978), and *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir.1964). Some doubt has been cast on these two cases by *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). Regardless, *Best* and *Kennedy* hold only that an increase of a *legal* sentence is a double jeopardy violation. There is no such bar to increasing an illegal or erroneous sentence. *Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–649, 91 L.Ed. 818 (1947); *United States v. Connolly,* 618 F.2d 553, 556 (9th Cir.1980).

AFFIRMED.