**STATE of Alaska, Petitioner/Appellee,**

v.

**Dale L. Halsey LAPORTE, Respondent/Appellant.**

**Nos. 7220, 7285.**

Court of Appeals of Alaska.

Nov. 18, 1983.

---

**467**

OPINION

COATS, Judge.

Dale LaPorte pled *nolo contendere* to a charge of misconduct involving weapons in the first degree, AS 11.61.200(a)(1)[1], a class C felony. The indictment to which he pled charged LaPorte with being a previously convicted felon in possession of a concealable firearm. Because LaPorte had previously been convicted of burglary in a dwelling, he was subject to a two-year presumptive sentence. AS 12.55.125(e)(1).

Under the Revised Criminal Code the trial judge must impose this presumptive sentence unless he finds aggravating or mitigating factors. AS 12.55.125(g).[2] The only other way in which LaPorte could receive less than the presumptive sentence would be if the trial judge referred the case to a three-judge panel for sentencing under AS 12.55.175. AS 12.55.165.

LaPorte argues that his presumptive sentence should be reduced because his offense was among the least serious included in the definition of the offense. AS 12.55.-155(d)(9). Without finding this mitigating factor, the sentencing judge, Victor Carlson, reduced the presumptive term and imposed a sentence of two years' imprisonment with all but sixty days suspended.[3] The state petitioned for review and this court granted the petition.

It is clear that Judge Carlson's sentence was illegal since he gave less than the presumptive sentence without finding any mitigating factors. We therefore vacate LaPorte's sentence and remand the case back to Judge Carlson with directions to

Richard W. Maki, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for petitioner/appellee.

Christine Schleuss, and Jonathon A. Katcher, Asst. Public Defenders, and Dana Fabe, Public Defender, Anchorage, for respondent/appellant.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

1. A.S. 11.61.200(a)(1) reads as follows:

*Misconduct Involving Weapons in the First Degree.*
(a) A person commits the crime of misconduct involving weapons in the first degree if he
(1) knowingly possesses a firearm capable of being concealed on his person after having been convicted of a felony by a court of this state, a court of the United States, or a court of another state or territory;

2. Former A.S. 12.55.125(g) reads as follows:

If a defendant is sentenced under (c)(1), (c)(2), (c)(3), (d)(1), (d)(2), (e)(1), or (e)(2) of this section, except to the extent permitted under AS 12.55.155—12.55.175:
(1) imprisonment may not be suspended under AS 12.55.80;
(2) imposition of sentence may not be suspended under AS 12.55.85;
(3) terms of imprisonment may not be otherwise reduced.

3. Judge Carlson later amended the sentence by suspending an additional 45 days.

sentence LaPorte under the provisions of the Revised Code.

■■■ The parties have raised several other issues in this matter which need to be resolved. LaPorte contends that Judge Carlson erred in rejecting his proposed mitigating factor. He argues that Judge Carlson decided that this mitigating factor could never apply to the offense of felon in possession of a concealable firearm. LaPorte argues that Judge Carlson's conclusion was erroneous, that the mitigating factor can apply to an offense such as felon in possession, and that Judge Carlson erred in not finding this mitigating factor under the facts of his case. The state contends that Judge Carlson merely found that LaPorte did not establish this mitigating factor. We conclude that the record is not clear how Judge Carlson ruled on this mitigating factor, other than that he did not rely on the mitigating factor to reduce LaPorte's sentence. We have already decided that the case must be remanded to Judge Carlson for sentencing. In sentencing LaPorte he should directly decide whether LaPorte's conduct was among the least serious conduct within the definition of the offense of felon in possession of a concealable firearm. We conclude that this mitigating factor does apply to this offense of felon in posses-

sion of a concealable firearm. Whether it applies to LaPorte's particular offense is a matter, in the first instance, for Judge Carlson. In the event that Judge Carlson does not find any mitigating factors, he should then consider referring LaPorte's case to the three-judge panel.[4] AS 12.55.165.

■■■ LaPorte contends that, in the event this court concludes that his sentence was illegally imposed, on remand his sentence cannot be increased without violating his right to be free from double jeopardy.[5] U.S. Const., amend. V; Alaska Const. Art. 1 § 9. LaPorte cites *Shagloak v. State,* 597 P.2d 142 (Alaska 1979) and *Sonnier v. State,* 483 P.2d 1003 (Alaska 1971) for the proposition that the double jeopardy clauses of the United States and Alaska Constitutions prohibit an increase in his sentence. We think that those cases stand for the proposition that once a *legal* sentence is imposed, a sentence which is within the discretion of the trial judge, the defendant's sentence may not thereafter be increased. In LaPorte's case, the sentence imposed was patently illegal. We believe that the double jeopardy clauses of the United States and Alaska Constitutions do not prevent us from vacating the sentence, ordering resentencing, and allowing the sentencing judge

**4.** Judge Carlson is an experienced and able trial judge who has participated in many sentencings. It is obvious that he felt the presumptive sentence was too severe for LaPorte's offense. We note that the state does not argue that LaPorte's sentence was too lenient. The state's objection is that Judge Carlson did not follow the provisions of the Revised Code in sentencing LaPorte. We believe that Judge Carlson's judgment that the presumptive sentence was too severe may very well be covered by AS 12.55.165 and that Judge Carlson can either find that "manifest injustice would result from failure to consider relevant ... mitigating factors not specifically included [in the Revised Code]" or that "manifest injustice would result ... from imposition of the presumptive term whether or not adjusted for aggravating or mitigating factors."

A major goal of the legislature in passing the revised code was to try to establish more uniformity in sentencing. *Juneby v. State,* 641 P.2d 823, 830 (Alaska App.1982), *modified on other grounds,* 665 P.2d 30 (Alaska App.1983). We do not believe that the legislature intended

to force judges to give sentences which are more harsh than necessary to accomplish the goals of sentencing. Alaska Const. Art. 1 § 12; *State v. Chaney,* 477 P.2d 441 (Alaska 1970); AS 12.55.005. However, we believe the legislature did intend to achieve uniformity by making sure that when the sentencing judge decides that it is necessary to depart from the presumptive sentencing procedure, the decision to so depart involves the decision not only of the original sentencing judge but also the decision of a panel of judges. Thus, the decision to depart from the presumptive sentencing procedure does not turn on the judgment and value system of one judge. *See Heathcock v. State,* 670 P.2d 1155 (Alaska App.).

**5.** We recognize that this question is arguably premature. When Judge Carlson follows the provisions of the Revised Code in resentencing LaPorte, LaPorte may receive the same sentence or even a lesser sentence. 'However, we feel this issue is adequately briefed and that it will advance the progress of this case if we decide the issue at this time.

or the three-judge panel to impose a greater sentence than the illegal sentence which was imposed on the defendant in this case. The great weight of case authority appears to us to support this view.[6]

■ We believe that the better policy arguments favor our adopting the majority rule that double jeopardy does not preclude LaPorte's receiving a greater sentence on remand. We recognize that there are strong policy arguments in favor of having a defendant in a criminal case face sentencing one time. He has that matter settled and knows that if he appeals or takes advantage of his other rights, that his sentence cannot be increased. However, our decision in this case does not turn on any exercise of rights by LaPorte. We have taken this case as a petition for review by the state, and the case does not involve increasing LaPorte's sentence because he has taken a sentence appeal or otherwise exercised his rights.[7] We believe that the state should have the ability to petition for review if a trial judge imposes an illegal sentence. To rule otherwise would allow an individual trial judge to completely depart from the provisions of the Revised Criminal Code without any recourse by the state. Certainly, in at least the most blatant of those cases, this court should grant review and vacate the illegal sentence.

We therefore vacate LaPorte's sentence and remand the case to the trial court with directions to sentence LaPorte in conformity with the Revised Criminal Code.

The sentence is VACATED. The case is REMANDED.

6. In *Gilbert v. State,* 598 P.2d 87, 93 n. 10 (Alaska 1979) the supreme court distinguished *Sonnier* as we have done in this opinion and left open the question of whether it would follow the "substantial authority" which holds that an illegal sentence can be vacated and a greater sentence imposed. The court said:

> We not[e], however, without deciding, that there is substantial authority which holds that, in correcting an illegal sentence, it is not violative of double jeopardy to impose a greater sentence than the one which is vacated. *Bozza v. United States,* 330 U.S. 160, 165–67, 67 S.Ct. 645 [648–49], 91 L.Ed. 818 (1947); *United States v. Solomon,* 468 F.2d 848, 850–52 (7th Cir.1972); *State v. Pringle,* 83 Wash.2d 188, 517 P.2d 192, 196 (1973). *Sonnier v. State,* 483 P.2d 1003 (Alaska 1973), is not to the contrary, for that case did not deal with an illegal sentence.

*See also Boyne v. State,* 586 P.2d 1250, 1252 n. 4 (Alaska 1978) (court allowed resentencing after striking an illegal probation condition). Many other courts have held that the correction of an illegal sentence which results in increased punishment does not violate double jeopardy. *United States v. Connolly,* 618 F.2d 553, 555 (9th Cir.1980); *Breest v. Helgemoe,* 579 F.2d 95, 100–01 (1st Cir.1978), *cert. denied,* 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1975); *United States v. Kenyon,* 519 F.2d 1229, 1233 (9th Cir.1975)), *cert. denied,* 423 U.S. 935, 96 S.Ct. 293, 46 L.Ed.2d 267 (1975); *Llerena v. United States,* 508 F.2d 78, 81 (5th Cir.1975); *United States v. Mack,* 494 F.2d 1204–1207 (9th Cir.1974), *cert. denied,* 421 U.S. 916, 95 S.Ct. 1578, 43 L.Ed.2d 783 (1975); *United States v. Carter,* 548 F.Supp. 1143, 1145 (D.Ariz.1982); *United States v. Wyatt,* 518 F.Supp. 1110, 1114 (S.D.Tex.1981); *People v. Lopez,* 110 Cal.App.3d 1010, 168 Cal.Rptr. 378, 387 (Cal.App.1980), *modified* (1980); *State v. Fry,* 602 P.2d 13, 16 (Hawaii 1979). *Contra Commonwealth v. Tome,* 398 A.2d 1369, 1375–77 (Pa.1979).

7. As LaPorte points out, the state can bring a sentence appeal but the statute authorizing a sentence appeal by the state also provides that the defendant's sentence cannot be increased in the event the state appeals the sentence. AS 12.55.120(b) provides:

> A sentence of imprisonment lawfully imposed by the superior court may be appealed to the court of appeals by the state on the ground that the sentence is too lenient; however, when a sentence is appealed by the state and the defendant has not appealed the sentence, the court is not authorized to increase the sentence but may express its approval or disapproval of the sentence and its reasons in a written opinion.

We construe this case as a petition for review by the state and not a sentence appeal by the state. We do not believe that AS 12.55.120(b) prevents the state from petitioning for review to correct an illegal sentence or prevents this court from requiring the sentencing judge to impose a legal sentence, even though this may result in an increase in the defendant's sentence.

LaPorte also argues that the due process clause of the Alaska Constitution prevents raising his sentence. Alaska Const. Art. 1 § 7; *Shagloak v. State,* 597 P.2d 142, 145 (Alaska 1979). This argument is essentially the same as his double jeopardy argument, and we reject it for the same policy reasons we rejected the double jeopardy argument.