Joseph **HESTER**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. A–3305.

Court of Appeals of Alaska.

Aug. 31, 1990.

Kurt M. LeDoux, LeDoux & LeDoux, Kodiak, for appellant.

Matthew G. Reynolds, Asst. Dist. Atty., Nathan A. Callahan, Dist. Atty., Kodiak, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON,* JJ.

## OPINION

COATS, Judge.

Joseph Hester pled no contest to driving while intoxicated (DWI), AS 28.35.030. Magistrate Anna M. Moran sentenced Hester to 60 days with 40 days suspended and imposed a fine of $1,000 with $500 suspended. The court also revoked Hester's driver's license for one year and placed him on probation for two years. As a condition of probation, the court ordered Hester to complete an alcohol treatment program to be designated by the Kodiak Alcohol Safety

Action Program (Kodiak ASAP). The Kodiak Council on Alcoholism (KCA), the overseer of the Kodiak ASAP, recommended that Hester serve 30 days in the Hope House Residential Treatment Center. On appeal, Hester challenged the imposition of the 30 days at Hope House as an illegal sentence enhancement in contravention of the double jeopardy clause of the Alaska Constitution. Hester also alleged the sentence resulted from an improper delegation of the court's sentencing authority. We agreed with Hester's contentions and remanded for resentencing. *Hester v. State*, 777 P.2d 217 (Alaska App.1989).

At resentencing on October 2, 1989, the court directed that the KCA rescreen Hester. The KCA complied with the court's request and determined that Hester would be able to overcome his alcohol problem only through participation in a residential treatment program. On November 16, 1989, Hester again appeared before Magistrate Moran for sentencing. Noting KCA's conclusion that out-patient counseling would be of little help to Hester, the court decided that "in light of the fact that Mr. Hester can't do any other kind of alcohol treatment, that as an additional deterrent, I feel it would be necessary to the protection of the people of the community that his probation be extended an additional two years...." Hester again appeals his sentence. We reverse.

Hester claims he is the victim of judicial vindictiveness. In Hester's view, Magistrate Moran imposed an additional two years of probation in retaliation for Hester's successful sentence appeal. Hester further contends probation extension constitutes an illegal sentence. Hester relies on *Shagloak v. State*, 597 P.2d 142 (Alaska 1979), in which the Alaska Supreme Court held that after a defendant's conviction was reversed and he was reconvicted, his sentence could not exceed the sentence which he received after his original conviction:

> We believe if a more severe sentence may be imposed after retrial for any reason, there will always be a definite

---

* This case was submitted for decision prior to Judge Singleton's resignation.

apprehension on the part of the accused that a heavier sentence may be imposed. Such apprehension or fear will place the defendant in an "incredible dilemma" in considering whether to appeal the conviction. A "desperate" choice exists, and may very well deter the defendant from exercising the right to assert his innocence and request a retrial. Such deterrence violates the due process clause of the Alaska Constitution.

*Id.* at 145 (footnote omitted).

Hester recognizes that his case does not involve a retrial and subsequent resentencing. However, in Hester's view, the resentencing which follows a successful sentence appeal is sufficiently analogous to the resentencing which follows a retrial, so that the underlying rationale in the latter type of case should apply with equal force in the former.

We agree with Hester that the court's imposition of two additional years of proba-

tion constitutes an illegal sentence in violation of the guarantee against double jeopardy. A term of 60 days with 40 days suspended with two years probation was meaningfully imposed at Hester's original sentencing. The double jeopardy clause precluded the sentencing court from increasing the original sentence on remand. *See Sonnier v. State*, 483 P.2d 1003, 1005 (Alaska 1971) ("once a sentence has been meaningfully imposed, it may not, at a later time, be increased").[1]

The requirement that Hester serve an additional two years of probation is VACATED and the case is REMANDED for resentencing consistent with this opinion.

---

1. Contrary to the state's assertion, *State v. LaPorte*, 672 P.2d 466 (Alaska App.1983) is not inconsistent with this result. In *LaPorte*, the court sentenced the defendant to less than the presumptive term without finding any mitigating factors. *Id.* at 467. We held that the double jeopardy clause did not preclude the sentencing court from imposing a greater sentence on remand, because the initial sentence imposed violated AS 12.55.125(e)(1) and was consequently illegal. *Id.* at 469. The illegality of LaPorte's original sentence plainly distinguishes his case from that of Hester. Here the only aspect of the original sentence which was illegal was the probation condition that we held invalid on appeal. The illegality of that condition is unrelated to the length of Hester's probationary term and does not render the balance of the sentence unlawful.