## UNITED STATES of America

v.

## Gregorio NIEVES RIVERA.

### Crim. No. 90–0041 GG.

United States District Court, D. Puerto Rico.

May 8, 1991.

John R. Dunne, Asst. Atty. Gen., Dirk G. Roggeveen, Atty., Crim. Section, Civil

Rights Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Antonio Bauza Torres, Guaynabo, P.R., for defendant.

## ORDER

GIERBOLINI, District Judge.

Before the court is an issue of first impression in the First Circuit: whether 18 U.S.C. § 3651 authorizes suspension of sentencing and the imposition of probation for a conviction under 18 U.S.C. § 242 in a case in which the victim of the constitutional deprivation was killed.

## I. BACKGROUND

On October 9, 1990, defendant Gregorio Nieves Rivera was found guilty of willfully depriving Juan Falcón Bautista of the rights secured to him by the Constitution and laws of the United States in violation of 18 U.S.C. § 242. On February 22, 1991, the court suspended the imposition of sentence and placed defendant Nieves Rivera on five years probation.

Before the court is a motion to correct the sentence filed by the government pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure.[1] The government argues that because the crime for which defendant Nieves Rivera was convicted occurred in November of 1985, the relevant sentencing statutes did not authorize the suspension of the imposition of sentence and the placement of defendant Nieves Rivera on probation. Defendant Nieves Rivera has failed to oppose the government's motion. For the reasons stated below, we agree that the court lacked discretion under the relevant sentencing statutes to suspend the imposition of sentence and to place defendant on probation. Therefore, defendant's sentence must be modified.

## II. ANALYSIS

Federal courts lack inherent power to suspend a sentence of imprisonment and to grant the offender probation. *U.S. v. Carter,* 548 F.Supp. 1143, 1144 (D.Ariz. 1982), *aff'd,* 704 F.2d 1063 (9th Cir.1983). The authority to suspend a sentence of imprisonment derives from 18 U.S.C. § 3651. 548 F.Supp. at 1145. Section 3651 provides in relevant part:

> Upon entering a judgment of conviction of any offense *not punishable by death or life imprisonment,* any court having jurisdiction to try offenses against the United States ... may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.

18 U.S.C. § 3651 (emphasis added).

Defendant Nieves Rivera was found guilty of violating 18 U.S.C. § 242. Section 242 provides in pertinent part:

> Whoever under color of law, statute, ordinance, regulation or custom, willfully subjects any inhabitant of any State, Territory or District to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or law of the United States ... shall be fined not more than $1,000, or imprisoned not more than one year, or both; and if death results shall be subject to imprisonment for any term of years or for life.

18 U.S.C. § 242.

In *United States v. Denson,* 588 F.2d 1112 (5th Cir.) *aff'd in part, rev'd in part,* 603 F.2d 1143 (5th Cir.1979) (en banc), a district court sentenced defendants that were found guilty of violating 18 U.S.C. § 241[2] to a suspended sentence of ten years imprisonment and placed them on probation for five years. On appeal, the Fifth Circuit examined the legislative history of 18 U.S.C. § 3651 and of 18 U.S.C. § 241 as well as the general theory of

---

**1.** The statutes and rules discussed in this opinion are those that were in effect in 1985 when the relevant crime occurred. Under the Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, 98 Stat. 1837 (1984), district courts impose sentences pursuant to guidelines established by the United States Sentencing Commission.

**2.** The term of maximum punishment in Section 241 is identical to those of Section 242.

probation and concluded that a district court has no authority under 18 U.S.C. § 3651 to suspend a sentence for conviction of an offense punishable by death or life imprisonment.[3]

We find the analysis in *Denson* persuasive. The plain meaning of Section 3651 is that federal courts have no authority to suspend a sentence and to grant probation to a defendant who is convicted of an offense for which death or life imprisonment may be imposed. 588 F.2d at 1116.

## III. CONCLUSION

For the foregoing reasons, defendant Nieves Rivera's suspended sentence is hereby VACATED and SET ASIDE.[4] A resentencing hearing is hereby scheduled for June 14, 1991 at 9:30 a.m.

SO ORDERED.

---

**3.** The Supreme Court of Michigan has interpreted the phrase "for life or for any term of years" as referring only to the maximum sentence to be imposed. *See People v. Blythe,* 417 Mich. 430, 339 N.W.2d 399 (1983). The Michigan Supreme Court concluded that the above quoted language does not include a mandatory minimum term. We disagree. Such an interpretation is confusing (which maximum, life or a term of years?) and it conflicts with the plain language of the phrase: the maximum sentence is life and the minimum is a term of years.

Section 242 supports our interpretation. It refers to maximum terms of punishment if the

victim of the unconstitutional deprivation is not killed. 18 U.S.C. § 242 ("shall be fined not more than $1000, or imprisoned not more than one year"). If Congress intended the phrase in Section 242 "for life or for any term of years" to refer *only* to a maximum term, it could have said so.

**4.** Because the sentence imposed on defendant Nieves Rivera is erroneous, his resentencing is not barred by the double jeopardy clause. *U.S. v. Carter,* 704 F.2d 1063, 1064 (9th Cir.1983).