959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Charles MCGROARTY, Defendant-Appellant.
 No. 89-50233.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Charles McGroarty appeals his sentence following the district court's sua sponte correction of his illegal sentence. He contends that the district court violated his due process rights when it corrected his illegal sentence approximately two years after denying his Fed.R.Crim.P. 35 motion to correct that same illegal sentence. McGroarty argues that he had a right to expect that his sentence and release date would remain unchanged. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo both the legality of a sentence and the lawfulness of the district court's modification of a sentence. United States v. Heredia-Fernandez, 756 F.2d 1412, 1417 (9th Cir.), cert. denied, 474 U.S. 836 (1985).
 
 
 4
 Pursuant to 18 U.S.C. § 924(c)(1), a term of imprisonment imposed for use of a firearm during the commission of a bank robbery must run consecutive to any other term of imprisonment.[1] A district court has the authority to correct sua sponte an illegal sentence. Fed.R.Crim.P. 35; United States v. Kenyon, 519 F.2d 1229, 1232 (9th Cir.), cert. denied, 423 U.S. 935 (1975).[2] A criminal defendant has no expectation of finality in an illegal sentence because it is always subject to modification. United States v. Edmonson, 792 F.2d 1492, 1496 n. 4 (9th Cir.1986), cert. denied, 479 U.S. 1037 (1987). An illegal sentence can be corrected even though the defendant has begun to serve the original sentence and even if the resulting punishment is more severe than the original sentence. Edmonson, 792 F.2d at 1496; United States v. Carter, 704 F.2d 1063, 1064 (9th Cir.1983).
 
 
 5
 Following his conviction at jury trial, in July 1986, McGroarty was sentenced to ten years imprisonment for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), to be served concurrently with a five year term for use of a firearm during the commission of that robbery, in violation of 18 U.S.C. § 924(c)(1). In September 1986, McGroarty filed a Rule 35 motion for correction of his sentence. In that motion, McGroarty correctly argued that the district court imposed an illegal sentence when it ordered that the term of imprisonment on the firearm count be served concurrent to the term imposed for the robbery count. Nonetheless, the district court denied the motion. In April 1989, the district court sua sponte corrected the illegal sentence and resentenced McGroarty to five years imprisonment on each count with the sentences running consecutively.
 
 
 6
 It is undisputable that the imposition of concurrent terms of imprisonment for the armed bank robbery and firearm counts was illegal. See 18 U.S.C. § 924(c)(1). Thus, the district court was clearly authorized to correct sua sponte McGroarty's sentence, see Fed.R.Crim.P. 35(a); Kenyon, 519 F.2d at 1232, even though McGroarty had begun serving his sentence and the corrected sentence might have delayed his release date, see Edmonson, 792 F.2d at 1496-97 and n. 4; Carter, 704 F.2d at 1064. Neither party contends that McGroarty's sentence as modified is not within the statutory limits. Therefore, we find no illegality in McGroarty's sentence. See Heredia-Fernandez, 756 F.2d at 1418.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 18 U.S.C. § 924(c)(1) provides in relevant part: "the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment...." 18 U.S.C. § 924(c)(1) (1991)
 
 
 [2]
 Rule 35 provides in relevant part:
 (a) Correction of Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for reduction of sentence.
 Fed.R.Crim.P. 35(a) (1986).
 Rule 35 was revised effective November 1, 1987, see Sentencing Reform Act of 1987, Pub.L. No. 100-182, § 2(a), 101 Stat. 1266, 1266. The prior version, which governs this case, applies to sentences for crimes committed before November 1, 1987. Id. § 22, 101 Stat. at 1271.