**William E. BITTNER, Appellant,**

**v.**

**STATE of Alaska for the Use and Benefit of ALASKA LABORERS AND HOD CARRIERS UNION LOCAL NO. 942 and the Alaska Laborers Construction Industry Health and Security and Training Fund, Appellees.**

No. 5071.

Supreme Court of Alaska.

May 8, 1981.

William H. Bittner, Birch, Horton, Bittner, Monroe, Pestinger & Anderson, Anchorage, for appellant.

Bradley D. Owens, Jermain, Dunnagan & Owens, Anchorage, for appellees.

Before RABINOWITZ, C. J., and CONNOR, BURKE and MATTHEWS, JJ.

OPINION

PER CURIAM.

William E. Bittner challenges the entry of summary judgment against him in this

---

suit brought by a Laborers Union Local in Fairbanks. The suit alleges that Bittner, as a partner in a joint venture, is liable for contributions to several union benefit trust funds pursuant to a collective bargaining agreement signed by a union representative and by Bittner's co-venturer, allegedly on behalf of the joint venture.

On May 13, 1975, Bittner entered into a joint venture agreement with the Young Brothers Construction Company, Inc. ("Young Brothers"), for subcontract work on a sewer construction project in Fairbanks. Two weeks later Herbert Young, the secretary-treasurer of Young Brothers, and a representative of the union local executed an Alaska Laborers Compliance Agreement. Under this agreement the employer, designated as "William Bittner/Young Bros. Const. Co. Inc.," agreed to make contributions to the various union trusts.

The instant action was filed in May, 1976, against Young Brothers and the Home Insurance Company, which issued a surety bond to Young Brothers. In August the complaint was amended to include Bittner. Bittner denied that either he or the joint venture was a signatory to the collective bargaining agreement. He also filed a cross-claim against Young Brothers and a third-party complaint against five persons, all named Young, who Bittner averred had agreed to guarantee the corporation's obligations.

In April, 1979, the union moved for summary judgment against all the defendants. The motion rested in large part on the defendants' failure to file a timely response to the union's request for admissions, which failure, the union argued, constituted an admission under Alaska Rule of Civil Procedure 36(a).[1] Over the opposition of the defendants, the superior court granted summary judgment to the union. Bittner filed a lengthy motion for reconsideration, which was denied. On November 15, 1979, the court entered judgment against Bittner and Young Brothers jointly and severally for $32,373.89.

On appeal, the union has disclaimed reliance on Bittner's failure to make a timely response to its request for admissions, stating that "to hold Bittner liable on such grounds, while technically correct . . ., would result in an injustice."

We regard that concession as dispositive of the case in its present posture. This court is, of course, free to examine the proofs submitted to determine whether the judgment might be affirmed on alternative grounds, *Ransom v. Haner*, 362 P.2d 282, 285 (Alaska 1961) and the union urges that we do so. However, we believe that such action would be inappropriate here, because the alternative basis urged by the union was first presented to the superior court in the union's reply memorandum to which Bittner had no opportunity to respond until after summary judgment was granted.

REVERSED and REMANDED for further proceedings.

COMPTON, J., not participating.

---

1. The union's request for admissions was served on Bittner on March 7, 1979. He responded on April 13. Under Civil Rule 36(a), Bittner had 30 days to respond. Because he was served by mail, Civil Rule 6(c) added three more days to this time. Hence Bittner's response was four days late.