James **FERMOYLE** and Harold
Harvey Joe, Appellants,

v.

**STATE of Alaska, Appellee.**

Nos. 5578, 5579.

Court of Appeals of Alaska.

Jan. 14, 1982.

Allan D. Beiswenger, Asst. Public Defender, Kenai, and Brian Shortell, Public Defender, Anchorage, for appellants.

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C. J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

These consolidated appeals raise the question whether either AS 12.55.088 or revised Alaska Criminal Rule 35(b) apply to defendants convicted and sentenced before January 1, 1980, the effective date of the revised Alaska Criminal Code.

Appellant James Fermoyle was sentenced on February 22, 1974, by Superior Court Judge James A. Hanson to serve a fifteen-year sentence for the crime of assault with intent to rape in violation of former AS 11.15.160, to be served consecutively to a previous sentence of five years imposed for the crime of manslaughter. On May 23, 1980, Fermoyle filed a motion under AS 12.55.088 to modify his sentence to receive credit for time served. The appellant further argued that his sentence should be modified so that he could obtain rehabilitative and vocational training not available in an institutional setting.

Judge Hanson denied this motion on June 24, 1980, holding that he lacked jurisdiction to consider Fermoyle's motion since Fermoyle was sentenced before the new criminal code became effective. On July 24, 1980, Judge Hanson denied Fermoyle's motion to reconsider.

Appellant Harold Harvey Joe was sentenced on February 22, 1974, by Superior Court Judge Hanson to the maximum sentence of ten years' imprisonment for the crime of assault with a dangerous weapon in violation of former AS 11.15.220. Joe's sentence was affirmed by the Alaska Supreme Court. *Joe v. State*, 542 P.2d 159 (Alaska 1975). The trial court later denied Joe's motion to withdraw his plea of *nolo contendere*, and Joe appealed once more. The Alaska Supreme Court affirmed the denial of Joe's motion to withdraw his plea in *Joe v. State*, 565 P.2d 508 (Alaska 1977).

On June 30, 1980, Joe filed a pro se motion to modify his sentence pursuant to AS 12.55.088. Joe argued that he needed alcoholism counseling that was not available in prison. Judge Hanson denied this motion on July 22, 1980, again on the

ground that he lacked jurisdiction to consider Joe's sentence under AS 12.55.088.

AS 12.55.088 was enacted as part of section 12 of ch. 166 SLA 1978 which created the revised Alaska Criminal Code. This section reads, in pertinent part:

> *Modification of sentence.* (a) The court may modify or reduce a sentence at any time during a term of imprisonment if it finds that conditions or circumstances have changed since the original sentencing hearing such that the purpose of the original sentence is not being fulfilled.

Three sections of ch. 166 SLA 1978 concern the application of various provisions of the new criminal code, and they are the basis for arguments raised by both the appellants and the state. Ch. 166, § 23(b) and (f), SLA 1978 state that section 12 of the act governs the punishment for any offense committed after the effective date of the act and does not apply to the construction or punishment of any offense committed before the effective date of August 1, 1980. Ch. 166, § 24, SLA 1978 states that AS 12.55.088 changes Alaska Rule of Criminal Procedure 35 by defining, without regard to time limit, additional circumstances under

which a defendant's sentence may be modified or reduced by the court.[1] Ch. 166, § 25, SLA 1978 sets January 1, 1980, as the effective date of the revised Alaska Criminal Code.

Fermoyle and Joe advance several arguments for the applicability of AS 12.55.088 to prisoners sentenced before August 1, 1980. They argue that since proceedings under Criminal Rule 35 are civil and not criminal in nature, *see Hensel v. State*, 604 P.2d 222, 230–31 (Alaska 1979); *State v. Hannagan*, 559 P.2d 1059, 1062–63 (Alaska 1977), section 24 and not section 23 governs the applicability of AS 12.55.088. The state responds that section 24 does not refer to an effective date for any part of the act, but instead provides the requisite specific statement by the legislature that a change in a judicial rule of practice and procedure is intended. *See, e.g., Allred v. State*, 554 P.2d 411, 423 (Alaska 1976).

The state also argues that motions under AS 12.55.088 are effectively the same as Criminal Rule 35(a) motions and are unlike Criminal Rule 35(c) motions, which are based upon the asserted invalidity of the conviction itself.[2] The state contends that

---

1. The Alaska Supreme Court revised Rule 35 in compliance with section 24 by issuing Order No. 426 on August 1, 1980. See n.2, *infra*.

2. Fermoyle and Joe filed their motions in May and June of 1980, respectively. On August 1, 1980, the Alaska Supreme Court issued Order No. 426, which revised Alaska Criminal Rule 35 by incorporating the provisions of AS 12.55.088 as revised Criminal Rule 35(b); former Criminal Rule 35(b) was relettered as Criminal Rule 35(c). Revised Criminal Rule 35(b) is identical to AS 12.55.088.

   Revised Criminal Rule 35(a) and (c) read as follows:

   (a) *Correction or Reduction of Sentence.* The court may correct an illegal sentence at any time. The court may reduce a sentence within 120 days after sentence is imposed, or within 120 days after receipt by the court of either a mandate issued upon affirmance of the judgment or an order of dismissal of the appeal, or within 120 days after receipt of an order of the supreme court of the state or of the United States denying an application for relief. The court shall retain jurisdiction under this paragraph notwithstanding the pendency of an appeal. If such a motion is filed during the pendency of a sentence appeal,

the proceedings on that sentence appeal shall be automatically stayed upon the filing of a copy of the motion with the court in which the sentence appeal is pending. The stay shall remain in effect until the motion is decided.

   . . . .

   (c) *Post Conviction Procedure—Scope.* Any person who has been convicted of, or sentenced for, a crime and who claims:

   (1) that the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of Alaska;

   (2) that the court was without jurisdiction to impose sentence;

   (3) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;

   (4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

   (5) that his sentence has expired, his probation, parole or conditional release have been unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

   (6) that the conviction or sentence is otherwise subject to collateral attack upon any

*Hensel* and *Hannagan* concern only post-conviction relief proceedings under Rule 35(c) and do not dictate that a motion for correction or reduction of sentence under Rule 35(a) is civil in nature. Accordingly, the state argues that motions under AS 12.55.088, like Criminal Rule 35(a) motions, are part of the original criminal proceedings and relate to "punishment of offenses." Thus the state argues that section 23(b) governs and limits application of AS 12.55.-088 to defendants who commit crimes after January 1, 1980.

Fermoyle's and Joe's arguments also focus on the specific language of AS 12.55.-088. Relying upon the maxim *expressio unius est exclusio alterius*,[3] they note that the legislature specifically addressed the availability of other provisions in the act that affected prisoners incarcerated as of January 1, 1980. *See, e.g.*, ch. 166, § 23(d) and (e), SLA 1978 concerning AS 33.15.180 and AS 33.20.010. Because AS 12.55.088 was not similarly limited in application, appellants argue that the omission signifies a legislative intent to make AS 12.55.088 available to prisoners incarcerated as of January 1, 1980. The state responds that resort to maxims of statutory construction is unnecessary because of the explicit limitation found in section 23(f).

Fermoyle and Joe further contend that if this court upholds the court below, prisoners who were sentenced before January 1, 1980, will have fewer rights than prisoners sentenced on or after that date. Fermoyle and Joe argue this would violate their right to equal protection under article 1, section 1, of the Alaska Constitution.[4] The state

responds that the distinction is reasonable and bears a "fair and substantial" relation to the purpose of the new sentencing provisions.

As previously noted, Criminal Rule 35 had not yet been modified by Alaska Supreme Court Order No. 426 when appellants made their motions. Thus, Fermoyle and Joe additionally argue that in the interests of judicial efficiency this court should consider the effect of revised Criminal Rule 35(b) upon their motions; they contend that revised Criminal Rule 35(b) makes the relief provided for in the statute available to all prisoners without regard to date of sentencing. In support of this contention they rely on Criminal Rule 57, which states:

> These rules become effective on the date to be established by order of the supreme court. They shall govern all criminal proceedings thereafter commenced and so far as just and practicable all proceedings then pending.

We find this last argument to be dispositive, and it is therefore unnecessary for us to decide the other arguments raised. Revised Criminal Rule 35(b) unambiguously authorizes the trial court to modify a sentence without regard to the date of its original imposition. The Alaska Supreme Court, in amending Criminal Rule 35(b) to conform with AS 12.55.088, did not restrict the availability of the rule's provisions to persons incarcerated after the effective date of the revision.

Criminal Rule 57 states that the criminal rules govern all proceedings pending on their effective date, "so far as just and practicable." The denial of appellants' mo-

---

grounds or alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy; or

    (7) that there has been a significant change in law, whether substantive or procedural, applied in the process leading to applicant's conviction or sentence, when sufficient reasons exist to allow retroactive application of the changed legal standards; may institute a proceeding under this rule to secure relief.

**3.** The expression of one thing is the exclusion of another. *Black's Law Dictionary* 521 (5th ed. 1979).

4. Alaska Const., art. 1, § 1, provides:

    *Inherent Rights.* This constitution is dedicated to the principles that all persons have a natural right to life, liberty, the pursuit of happiness, and the enjoyment of the rewards of their own industry; that all persons are equal and entitled to equal rights, opportunities, and protection under the law; and that all persons have corresponding obligations to the people and to the State.

tions because they were filed before August 1, 1980, the effective date of Criminal Rule 35(b), would not significantly further the interests of judicial economy,[5] and no injustice would result from consideration of appellants' motions by the superior court on remand, even though they were denied prior to August 1, 1980. We thus conclude that since the superior court now has jurisdiction to consider appellants' motions under the revised provisions of Criminal Rule 35(b), these motions should be considered and decided on their merits.[6]

Accordingly, these cases are REMANDED to the superior court, which should consider appellants' motions on their merits in accordance with Alaska Criminal Rule 35(b).

**5.** If we were to affirm the superior court's denial of appellants' motions on the basis that they were filed and disposed of by the superior court prior to the effective date of Criminal Rule 35(b), appellants could simply renew their original motions, expressly relying on the provisions of the criminal rule, rather than on the provisions of AS 12.55.088. Moreover, despite the superior court's denial of appellants' motions before the effective date of Criminal Rule 35(b), the timely notices of appeal filed in these cases would bring the appellants' motions within the language of Criminal Rule 57 making Criminal Rule 35(b) applicable to "proceedings then [at the time of its effective date] pending."

**6.** We express no view on the manner in which the superior court should rule on the merits of appellants' motions upon remand.