**STATE of Alaska, Appellant and Petitioner,**

v.

**Kenneth PRICE, Appellee and Respondent.**

**No. A–1101.**

Court of Appeals of Alaska.

March 14, 1986.

Mark I. Wood, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellant and petitioner.

Geoffry B. Wildridge, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellee and respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Kenneth Price was charged in an indictment with one count of sexual assault in the first degree, AS 11.41.410(a)(1), and one count of misconduct involving a controlled substance in the first degree, AS 11.71.-010(a)(2). Price pled *nolo contendere* to the controlled substance count, and the sexual assault count was dismissed.

Misconduct involving a controlled substance in the first degree is an unclassified felony, with a minimum five-year and a

maximum ninety-nine-year penalty. AS 12.55.125(b). The court and counsel for the parties proceeded to sentencing on the mistaken belief that Price was subject to a five-year presumptive term. Judge Van Hoomissen found one aggravating and two mitigating factors and sentenced Price to five years with two years suspended. The state did not object to this sentence and does not contend on appeal that the mitigating factors were not properly found. Rather, five and one-half months after the imposition of sentence, the state moved in the trial court to correct the sentence to five years in prison. The state relied on Alaska Rule of Criminal Procedure 35(a), and the contention that a statutory minimum sentence could not be adjusted for mitigating factors. The trial court refused to change the sentence, and the state appeals. We treat the state's appeal as a petition for review and grant the petition. We hold that the sentence the trial court imposed on Price was illegal. However, in the interests of justice, we remand the case to the trial court to permit Price to petition to revoke his *nolo contendere* plea.

For purposes of this appeal, Price concedes that a minimum sentence may not be adjusted for statutory mitigating factors. He also concedes that he was subject to a five-year minimum sentence by virtue of his plea of *nolo contendere,* and that a sentence of five years with two years suspended was therefore "illegal." Yet Price argues that this court lacks jurisdiction to hear the state's appeal from a trial court order denying a motion to correct an illegal sentence under Criminal Rule 35(a). Assuming that the state cannot appeal, Price continues, no petition for review should be granted in this case. First, Price contends, increasing his sentence to the statutory minimum would violate the double jeopardy clauses of the federal and state constitutions and deprive him of due process of law. U.S. Const. amends. V, XIV; Alaska Const. art. I, §§ 7, 9. Second, he urges that under the totality of the circumstances, the state is equitably estopped from seeking review of Judge Van Hoomissen's court order denying the state relief. We will consider Price's arguments in order.

## RIGHT OF STATE TO APPEAL UNDER CRIMINAL RULE 35

Alaska Rule of Criminal Procedure 35 has three component parts, each derived from a separate source. Criminal Rule 35(a) is derived from, and virtually identical to, Federal Rule of Criminal Procedure 35. *See* 3 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 581, *et seq.* (2d ed. 1982) (discussing the comparable federal rule). Alaska Criminal Rule 35(b) is a paraphrase of AS 12.55.088 which describes a procedure for sentence modification. *See Fermoyle v. State,* 638 P.2d 1320 (Alaska App.1982). Subsections (c) through (k) of Criminal Rule 35 are derived from the Uniform Post-Conviction Procedure Act. 11 U.L.A. 485 (1974); *Bishop v. Anchorage,* 685 P.2d 103, 107 n.10 (Alaska App.1984). Proceedings pursuant to Criminal Rule 35(c)–(k) are deemed civil in nature, and the state may freely appeal an adverse decision. *See, e.g., State v. Hannagan,* 559 P.2d 1059, 1063 (Alaska 1977) (construing the predecessor to current Criminal Rule 35(c)). In contrast, proceedings under Criminal Rule 35(a) are considered part of the criminal proceeding. *See* 3 C. Wright, *Federal Practice and Procedure: Criminal 2d* § 583 at 392 & n. 16 (2d ed. 1982). *Cf. Winslow v. State,* 587 P.2d 738 (Alaska 1978) (differentiating Criminal Rules 35(a) from the procedures set out in the predecessors to current Criminal Rules 35(c)–(k)). Thus, proceedings pursuant to Criminal Rule 35(a) appear to be within the statutory limitations on the state's right to appeal. AS 22.07.020(d).[1]

---

1. Alaska Statute 22.07.020(d) provides:
 An appeal to the court of appeals is a matter of right in all actions and proceedings within its jurisdiction except that (1) the right to appeal to the court of appeals is waived if an appellant chooses to appeal the final decision of the district court to the superior court; and (2) the state has no right to appeal in criminal cases except to test the sufficiency of the indictment or information or to appeal a sentence on the ground that it is too lenient.

As Price points out, while the state may appeal a sentence on the ground that it is too lenient, an advisory opinion results. A sentence appeal by the state does not authorize an increase in a defendant's sentence. Thus, the state's challenge to the trial court's refusal to correct an illegal sentence under Criminal Rule 35(a) is not within our appellate jurisdiction. *See State v. LaPorte*, 672 P.2d 466, 469 n.7 (Alaska App.1983).

 We are satisfied, however, that the issue in this case is of sufficient importance to warrant treating this proceeding as a petition for review and granting the petition. *See, e.g., Kott v. State*, 678 P.2d 386, 390–91 (Alaska 1984). This case meets at least two of the criteria for granting petitions for review. Alaska Rule of Appellate Procedure 402(b). Judge Van Hoomissen's refusal to correct his illegal sentence involves an important question of law on which there may be a substantial ground for difference of opinion. Alaska R.App.P. 402(b)(2). More importantly, the trial court's actions constitute a departure from the accepted and usual course of judicial proceedings sufficient to call for our supervision and review. Alaska R.App.P. 402(b)(3). Further, we are not persuaded by Price's arguments to decline review. Clearly, correction of an illegal sentence does not implicate the double jeopardy clauses of the state and federal constitutions, or deny the beneficiary of an illegal sentence substantive or procedural due process. *State v. LaPorte*, 672 P.2d at 468–69 & n. 7. *Shagloak v. State*, 597 P.2d 142 (Alaska 1979) and *Sonnier v. State*, 483 P.2d 1003 (Alaska 1971) are therefore distinguishable. *Cf. Gilbert v. State*, 598 P.2d 87, 93 n. 10 (Alaska 1979) (distinguishing correction of an illegal sentence from the matters addressed in *Sonnier*).

## LACHES AND EQUITABLE ESTOPPEL

 Price's arguments based upon laches and equitable estoppel present a closer question. A defendant's rehabilitation requires, *inter alia*, that he accept the court's sentence. Subsequent tampering with that sentence, however justified legally, may leave the defendant with an understandable sense of unfairness, jeopardizing rehabilitative efforts. We believe however, that on balance, correction of Price's sentence even though delayed, must be allowed in order to carry out the legislative purpose in establishing minimum sentences and to preclude other defendants from asserting a vested right in an illegal sentence. Defendants and their counsel should not be encouraged to remain silent while judges and prosecutors negligently cooperate in the imposition of an illegal sentence. In order to ensure that the law will be carried out, and that judicial negligence will not result in disparate and unequal sentencing, we exercise our authority and hold that the sentence imposed upon Price was illegal. The mandatory minimum sentence for Price's offense was five years. AS 12.55.125(b).

 One aspect of Price's laches and equitable estoppel argument requires further consideration. Price intimates that he was sentenced as part of a plea and sentence agreement, and that in entering his plea he detrimentally relied upon the mistaken representation that he would receive a sentence substantially less than the five-year minimum. If Price is correct, we believe he should be permitted to withdraw his plea and go to trial. The state argues that Price could not reasonably rely to his detriment on an illegal sentence, since he and his attorney were obligated to read the relevant statutes and determine the applicable penalties. While there is some merit in the state's contention, we are satisfied that it cannot control. The criminal rules clearly require a trial judge, accepting a plea of no contest or guilty, to address the defendant personally and inform him of any mandatory minimum punishment. Alaska R.Crim.P. 11(c)(3)(i). The court may not rely upon defense counsel's or the defendant's individual research abilities to provide this information. Failure to substantially comply with Criminal Rule 11 invalidates any subsequent plea. *See, e.g., Fulton v. State*, 630 P.2d 1004, 1006 (Alas-

ka App.1981). On remand, Price should be permitted to petition to revoke his plea. If the trial court is satisfied that Rule 11 was not complied with in this case, or that Price reasonably relied on mistaken representations by the prosecutor and his defense counsel regarding the range of sentences available to the trial court, Price should be permitted to withdraw his plea. However, if the trial court concludes that Rule 11 was complied with, and declines to set aside Price's plea, the mandatory minimum sentence of five years shall be imposed.

The sentence of the superior court is VACATED and this case REMANDED for further proceedings consistent with this opinion.

COATS, J., dissents.

COATS, Judge, dissenting.

In *State v. LaPorte,* 672 P.2d 466 (Alaska App.1983), this court concluded that where the sentence imposed was "patently illegal,"

> the double jeopardy clauses of the United States and Alaska Constitutions do not prevent us from vacating the sentence, ordering resentencing, and allowing the sentencing judge or the three-judge panel to impose a greater sentence than the illegal sentence which was imposed on the defendant in this case. The great weight of case authority appears to us to support this view.

672 P.2d at 468–69 (footnote omitted). The court went on to say:

> We believe that the better policy arguments favor our adopting the majority rule that double jeopardy does not preclude [the defendant] receiving a greater sentence on remand. We recognize that there are strong policy arguments in favor of having a defendant in a criminal case face sentencing one time. He has that matter settled and knows that if he appeals or takes advantage of his other rights, that his sentence cannot be increased. However, our decision in this case does not turn on any exercise of rights by [the defendant]. We have taken this case as a petition for review by

the state, and the case does not involve increasing [the defendant's] sentence because he has taken a sentence appeal or otherwise exercised his rights. We believe that the state should have the ability to petition for review if a trial judge imposes an illegal sentence. To rule otherwise would allow an individual trial judge to completely depart from the provisions of the Revised Criminal Code without any recourse by the state. Certainly, in at least the most blatant of those cases, this court should grant review and vacate the illegal sentence.

672 P.2d at 469 (footnote omitted).

I believe that we should allow a defendant's sentence to be increased only in rare cases. In the instant case it does not appear that the state, the trial judge, or Price had any idea that at the time sentence was imposed the sentence imposed was illegal. It was not until nearly six months later that the state moved to correct the sentence. Under these circumstances I believe that Price had a right to rely on the sentence which the court imposed, and it strikes me as being unfair to allow the court to impose a greater sentence on Price at this late date. Certainly we have an obligation to carry out the mandate of the legislature as set forth in the Alaska Revised Criminal Code. However, in my opinion, the state could accomplish this goal by bringing a sentence appeal. We could publish an opinion disapproving the sentence. In my opinion this would tend to eliminate the kind of error which took place in this case without being unfair to Price.