**Daryl L. TULOWETZKE, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, DIVISION OF MOTOR VEHICLES, Appellee.**

**No. S–1754.**

Supreme Court of Alaska.

Oct. 9, 1987.

Christine Schleuss, Anchorage, for appellant.

Paul S. Stahl, Asst. Atty. Gen., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

When a person is convicted of driving while intoxicated (DWI), both the court which sentences him and the Division of Motor Vehicles (DMV) must revoke his driver's license. The court must revoke

the license for at least 90 days if the person has had no prior DWI convictions during the preceding ten years, for at least one year if he has had one prior conviction, and for at least ten years if he has had two or more prior convictions during that period. AS 28.15.181(c). The DMV must revoke the license for the "appropriate minimum period for court revocations." AS 28.15.165(d).

This appeal concerns whether two convictions which were entered on the same day should be counted as one or as two prior convictions for purposes of driver's license revocation following a subsequent conviction. We hold that all DWI convictions entered within the preceding ten years must be counted separately, whether or not they were entered simultaneously.

### I.

Daryl Tulowetzke has been arrested and convicted three times for driving while intoxicated. The first two arrests occurred during June and August, 1984. Tulowetzke pled no contest to both charges on the same day in September, 1984. For sentencing purposes, the district court treated each conviction as a first offense, and revoked Tulowetzke's driver's license for two concurrent 90–day periods.[1]

The third arrest occurred on September 8, 1985. Again, Tulowetzke pled no contest. Because the 1984 convictions had been treated as first offenses, the district court treated the 1985 conviction as a second offense, and revoked Tulowetzke's driver's license for one year. However, the DMV considered the 1985 conviction a third offense for purposes of administrative revocation, and revoked Tulowetzke's license for ten years. Tulowetzke appeals from the administrative revocation, asserting that the DMV should have revoked his license for one year rather than ten.[2]

---

1. The district court correctly treated both 1984 convictions as first offenses. Because the two convictions were entered simultaneously, neither was a "prior" conviction with respect to the other. *See State v. Rastopsoff,* 659 P.2d 630, 636 (Alaska App.1983).

2. On the DMV's motion, the superior court dismissed Tulowetzke's administrative appeal on the ground that he had failed to request agency review within seven days after receiving notice of intended revocation as required by AS 28.15.-166(b), and therefore had not exhausted his administrative remedies. The DMV now con-

## II.

The principal issue raised by this appeal is one of statutory interpretation: how should prior convictions be counted under AS 28.15.181(c)?[3] Although AS 28.15.-181(c) leaves "prior conviction" undefined, we are guided by the definition contained in another recidivist sentencing scheme, the presumptive sentencing statutes, AS 12.55.-125—12.55.165.

The presumptive sentencing scheme governs felony sentencing in Alaska. Like AS 28.15.181(c), it addresses the problem of recidivism by mandating escalating sentences for persons with previous felony convictions.[4] The presumptive sentencing statutes were passed during the same legislative session as AS 28.15.181(c), and the two bills were signed into law by the governor on the same day in 1978.[5]

Because the presumptive sentencing scheme furthers a similar purpose and contains similar language as AS 28.15.181(c), and because the two statutes were enacted contemporaneously, the former constitutes a valuable aid in interpreting the latter. Indeed, we may assume that the legislature intended that "prior conviction" be defined the same way in both statutes. *See State v. Bundrant,* 546 P.2d 530, 545 (Alaska 1976) ("a statute in pari materia with a subsequent, but approximately contemporaneous, measure is a proper source of evidence of legislative intent in the second measure"); 2A N. Singer, *Sutherland Statutory Construction,* § 51.02 (4th ed. 1984).

Alaska Statute 12.55.145 explicitly provides that, for presumptive sentencing purposes, multiple prior convictions are considered a single conviction if they arise from a single criminal episode and further the same criminal objective. The language strongly implies that in all other circumstances, multiple prior convictions must be counted separately:

> [T]wo or more convictions arising out of a single, continuous criminal episode during which there was no substantial change in the nature of the criminal objective are considered a single conviction unless the defendant was sentenced to consecutive sentences for the crimes; offenses committed while attempting to escape or avoid detection or apprehension after the commission of another offense

---

fesses error on its motion to dismiss, and concedes that Tulowetzke is entitled to review of the length of his administrative revocation. In light of the DMV's concession, we need not consider the issue of exhaustion of administrative remedies. *See Bittner v. State,* 627 P.2d 648, 649 (Alaska 1981). Our review of the record indicates, however, that Tulowetzke acted on the specific advice of a DMV official in waiting to request agency review until after the district court had issued its ruling in the criminal action. Under the circumstances, the DMV is estopped from requiring strict compliance with the seven day time limit. *See Owsichek v. State,* 627 P.2d 616, 622 (Alaska 1981).

3. AS 28.15.165(d) provides that the DMV must revoke a driver's license for the "appropriate minimum period for court revocations under AS 28.15.181(c)." This provision ensures consistency between administrative and criminal revocation periods by obligating both the DMV and the district court to apply AS 28.15.181(c). Contrary to Tulowetzke's contention on appeal, the provision does not require the DMV to adhere to revocation periods imposed by the district court during sentencing if those periods violate AS 28.15.181(c).

4. The presumptive sentencing scheme sets out permissible sentencing ranges for the various classifications of felonies. For most first convictions, AS 12.55.125 gives judges considerable discretion in sentencing. For second and subsequent convictions, the scheme defines presumptive terms to which the judge must adhere, except that the judge has discretion to adjust the sentence significantly if specific aggravating or mitigating circumstances exist. AS 12.55.155.
   In addition, if the judge finds by clear and convincing evidence that manifest injustice would result from following AS 12.55.125, he or she may refer the case to a special three-judge sentencing panel for sentencing outside the presumptive sentencing scheme. AS 12.55.-165–.175.

5. AS 28.15.181 was enacted by ch. 178, § 19, SLA 1978, and the presumptive sentencing scheme was enacted by ch. 166, § 12, SLA 1978. Both were approved by the governor on July 17, 1978.

are not part of the same criminal episode or objective. AS 12.55.145(a)(3).[6]

This language led the court of appeals to conclude that prior convictions which did not arise out of the same criminal episode must be counted separately for presumptive sentencing purposes, even if the convictions were entered on the same day. *State v. Rastopsoff,* 659 P.2d 630, 637 (Alaska App.1983). We agree with the court of appeals' analysis of AS 12.55.145, and apply the same analysis to AS 28.15.-181(c). Thus, we conclude that all prior DWI convictions must be counted separately for purposes of driver's license revocation following a subsequent conviction, regardless of whether the prior convictions were entered simultaneously.

This interpretation is consistent with the ultimate purpose of AS 28.15.181(c), because it promotes public safety. To count multiple DWI convictions as a single conviction simply because they were entered the same day would only encourage habitual drunk drivers to plead guilty to accumulated DWI charges on the same day, thus reducing the length of their future driver's license revocations, at the expense of public safety.

Tulowetzke argues that the habitual criminal statute, former AS 12.55.050 (repealed by ch. 166, § 21, SLA 1978), provides a better analog than the presumptive sentencing statute for interpreting AS 28.-15.181(c). The habitual criminal statute governed sentencing of recidivous felons until its repeal in 1978. It provided that a person convicted of a second or third felony was subject to imprisonment for up to twice the maximum term prescribed for the most recent felony, while a person convicted of a fourth felony was subject to imprisonment for twenty years to life. In *State v. Carlson,* 560 P.2d 26 (Alaska 1977), this court held that the sentencing philosophy embodied in the habitual criminal statute required that habitual criminal status be determined not by the gross number of prior offenses, but by the number of prior opportunities to reform. Thus, we held that for purposes of sentencing under the habitual criminal statute, multiple convictions which were entered on the same day counted as only one prior conviction.

The legislature repealed the habitual criminal statute in 1978, and replaced it with the presumptive sentencing scheme. Since AS 12.55.145 rejects the *Carlson* rule, we cannot reasonably rely on *Carlson* as an expression of the legislature's intent when it enacted AS 28.15.181(c).

The superior court awarded partial attorneys' fees to the state in the amount of $1,420.[7] When acting in its appellate capacity, the superior court has wide discretion in awarding attorneys' fees. Alaska R.App.P. 508(e); *Rosen v. State Bd. of Public Accountancy,* 689 P.2d 478, 482 (Alaska 1984). This award does not reflect an abuse of that discretion.

The superior court's order dismissing Tulowetzke's appeal is REVERSED, and the case is REMANDED with instructions that judgment be entered in favor of the state. The attorneys' fees award is AFFIRMED.

---

**6.** The commentary to this subsection contains the following illustrative hypothetical. If a defendant forcibly entered a building with the intent to commit theft, and did commit theft, he would be convicted of both burglary and theft, but for purposes of sentencing for future felonies, the burglary and theft convictions would be considered a single conviction because they were part of the same criminal objective. If the same defendant also took a hostage during flight and then committed a sexual assault on the hostage, he would be convicted of burglary, theft, kidnapping, and sexual assault. For purposes of future sentencing, he would be treated as having three prior convictions. Commentary on the Alaska Revised Criminal Code, 2 Senate Journal Supp. No. 47 at 157–58 (1978), *quoted in State v. Rastopsoff,* 659 P.2d 630, 635–36 (Alaska App.1983).

**7.** The state's actual attorney fees were $4,259.80.