**STATE of Alaska, Petitioner,**

v.

**Keith WAALKES, Respondent.**

**No. A–2142.**

Court of Appeals of Alaska.

Feb. 19, 1988.

---

Beth A. Lori, Asst. Dist. Atty., and Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for petitioner.

Jeffery D. Mahlen, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Keith Waalkes pled no contest and was convicted of driving while intoxicated (DWI), in violation of AS 28.35.030. The offense is a class A misdemeanor with a maximum penalty of one year imprisonment. AS 28.35.030(b); AS 12.55.135(a). More significantly, for purposes of this petition, a person convicted for the first time of driving while intoxicated or a related crime is subject to a minimum penalty of three days' imprisonment. Second and third offenders are respectively subject to minimum penalties of twenty and thirty days' incarceration. Under the terms of the statute, the execution of sentence may not be suspended nor may probation be granted unless the minimum imprisonment provided in this section is served.[1]

This is Waalkes' third conviction for DWI. He was separately charged with DWI on September 26, 1985, and again on November 18, 1985. He pled no contest to both offenses, which were consolidated for sentencing on February 3, 1986. Pursuant to a plea agreement with the Municipality of Anchorage, the court sentenced Waalkes in both cases as if he were a first-time DWI offender.[2]

One year later, on February 4, 1987, Waalkes was charged with the instant DWI

1. Alaska Statute 28.35.030(c) provides:
   Upon conviction under this section the court shall impose a minimum sentence of imprisonment of not less than 72 consecutive hours.... Upon conviction under this section the court shall impose a minimum sentence of imprisonment of not less than 20 consecutive days and a fine of not less than $500 if, within the preceding 10 years, the person has been previously convicted once in this or another jurisdiction of driving while intoxicated under this or another law or ordinance with substantially similar elements or refusal to submit to a chemical test under AS 28.35.032 or another law or ordinance with substantially similar elements. Upon conviction under this section the court shall impose a minimum sentence of imprisonment of not less than 30 consecutive days and a fine of not less than $1,000 if, within the preceding 10 years, the person has been previously convicted

in this or another jurisdiction of more than one of the following offenses: [DWI or related offenses]. The execution of sentence may not be suspended nor may probation be granted except on condition that the minimum imprisonment provided in this section is served. Imposition of sentence may not be suspended. In addition, if the offense involved driving a motor vehicle for which a driver's license is required, the person's driver's license shall be revoked in accordance with AS 28.15.181....

2. The district court correctly treated both 1985 convictions as first offenses because the two convictions were entered simultaneously, neither was a "prior" conviction with respect to the other. *Tulowetzke v. Dept. of Public Safety,* 743 P.2d 368, 369 n. 1 (Alaska 1987); *State v. Rastopsoff,* 659 P.2d 630, 636 (Alaska App.1983).

offense. He entered a plea of no contest on April 24, 1987. The state argued that this was Waalkes' third DWI conviction. Waalkes disagreed, arguing that since his earlier convictions were entered on the same day and sentencing was imposed simultaneously, they should count as but a single instance of DWI. District Court Judge Ralph H. Stemp, Jr., accepted Waalkes' argument and, treating him as a second offender, imposed a sentence of ninety days in jail with seventy days suspended, a $500 fine, a one-year license revocation, and alcohol screening. It was Judge Stemp's intent that the unsuspended time be equal to the minimum twenty-day sentence for a second DWI offender.

The sole question on review [3] is one of statutory construction: Under the circumstances presented above, is Waalkes a second or third DWI offender? We believe the Alaska Supreme Court has resolved this issue in the state's favor. We therefore reverse.

In *Tulowetzke v. Dept. of Public Safety,* 743 P.2d 368 (Alaska 1987), the supreme court considered an analogous fact situation and an analogous statute. Tulowetzke, like Waalkes, had been arrested and convicted three times for DWI. Tulowetzke was arrested in June and again in August of 1984 and pled no contest to both charges on the same day in September 1984. The district court treated each conviction as a first offense for sentencing purposes and revoked Tulowetzke's driver's license for two concurrent ninety-day periods. 743 P.2d at 369. Tulowetzke pled no contest to a third charge of DWI one year later. The district court revoked Tulowetzke's driver's license for one year. The court considered this conviction as a second offense since the prior convictions were treated as first offenses. The De-

partment of Motor Vehicles (DMV), however, treated the 1985 conviction as a third offense for purposes of administrative revocation, and revoked Tulowetzke's license for ten years. Tulowetzke appealed the administrative revocation, claiming that the DMV should have only revoked his license for one year. *Id.*

The supreme court held that the superior court had erroneously dismissed Tulowetzke's administrative appeal, but concluded that, for purposes of AS 28.15.181(c), Tulowetzke's DWI conviction in September 1985, should be considered his third offense.[4] The supreme court reasoned that the legislature had enacted AS 28.15.181(c) during the same session at which it enacted the presumptive sentencing statute. Alaska Statute 28.15.181(c) left "prior conviction" undefined but the court was satisfied that the legislature had provided a sufficient definition in enacting presumptive sentencing. *See* AS 12.55.125—.165. Since the two statutes were enacted contemporaneously, the supreme court concluded that the presumptive sentencing statutes provided a valuable aid in interpreting the statutes punishing operating a motor vehicle while intoxicated. *Tulowetzke,* 743 P.2d at 370; *see also State v. Bundrant,* 546 P.2d 530, 545 (Alaska 1976); 2A N. Singer, *Sutherland Statutory Construction,* § 51.02 (4th ed. 1984).

The supreme court agreed with our decision in *State v. Rastopsoff,* 659 P.2d 630, 637 (Alaska App.1983), in which we held that, pursuant to AS 12.55.145, prior convictions not arising out of the same criminal episode must be counted separately for presumptive sentencing purposes, even if the convictions were entered on the same day. The supreme court applied the same analysis to AS 28.15.181(c). It therefore concluded that all prior DWI convictions

---

**3.** We granted review because we concluded that the issue was of general significance warranting clarification in a published opinion. *State v. Price,* 715 P.2d 1183, 1186 (Alaska App.1986).

**4.** The DMV revoked Tulowetzke's license pursuant to AS 28.15.165(d) which incorporates by reference AS 28.15.181(c). The supreme court pointed out that this provision "ensures consistency between administrative and criminal revo-

cation periods by obligating both the DMV and the district court to apply AS 28.15.181(c)." *Tulowetzke,* 743 P.2d at 370 n. 3. The court made it clear, however, that "the provision did not require the DMV to adhere to revocation periods imposed by the district court during sentencing if those periods violate AS 28.15.181(c)." *Id.*

must be counted separately for purposes of driver's license revocation following a subsequent conviction, regardless of whether the prior convictions were entered simultaneously. *Tulowetzke*, 743 P.2d at 371. *See also Linn v. State*, 658 P.2d 150, 151–52 (Alaska App.1983).

We are satisfied that the supreme court's interpretation of AS 28.15.181(c) provides controlling precedent in determining the meaning of comparable provisions in AS 28.35.030. The latter statute was amended by the same legislature that established presumptive sentencing.[5]

Our decision to follow *Tulowetzke* establishes that Judge Stemp imposed an illegal sentence by suspending all but twenty days of Waalkes' sentence. AS 28.35.030(c) ("The execution of sentence may not be suspended nor may probation be granted except on condition that the minimum imprisonment provided in this section is served. Imposition of sentence may not be suspended."). *See also State v. Price*, 715 P.2d 1183, 1186 (Alaska App.1986). Waalkes, however, argues that we should disapprove the sentence but not vacate it, since in his view it would be unfair to require him at this late date to serve the proper sentence. *See Price*, 715 P.2d at 1187 (Coats, J., dissenting).

In *Price*, sentence was imposed in ignorance of the applicable minimum term. Thus, Price had no reason to expect that his sentence was illegal. It was only six months after imposition of sentence that the state discovered the error and sought reconsideration from the trial court. In contrast, in this case, the state consistently argued that Waalkes was a third offender for purposes of minimum sentencing. The issue was extensively argued and briefed. Under the circumstances, Waalkes could not detrimentally rely on the accuracy of his sentence pending appeal. There is no injustice in requiring him to serve the minimum term. What we said in *Price* therefore has even greater application to this case:

> We believe however, that on balance, correction of Price's sentence even though delayed, must be allowed in order to carry out the legislative purpose in establishing minimum sentences and to preclude other defendants from asserting a vested right in an illegal sentence. Defendants and their counsel should not be encouraged to remain silent while judges and prosecutors negligently cooperate in the imposition of an illegal sentence. In order to ensure that the law will be carried out, and that judicial negligence will not result in disparate and unequal sentencing, we exercise our authority and hold that the sentence imposed upon Price was illegal.

715 P.2d at 1186.

The sentence of the district court is VACATED and this case REMANDED for further proceedings consistent with this opinion.

---

5. The legislature amended AS 28.35.030 in ch. 152 §§ 2 and 3, SLA 1978, and the Governor approved the amendments on July 12, 1978. Alaska Statute 28.15.181 was enacted by ch. 178 § 19, SLA 1978. The presumptive sentencing scheme was enacted by ch. 166 § 12, SLA 1978. These provisions were approved by the Governor on July 17, 1978.